## A00A0296. PARKER v. SHREVE.
### (535 SE2d 332)

BARNES, Judge.

Eileen Parker appeals the trial court's determination that her personal injury action was barred by the statute of limitation due to her lack of diligence in serving the complaint. For the reasons that follow, we reverse.

Parker filed a complaint against Helena Shreve on September 22, 1998, alleging she sustained personal injuries in an automobile collision between the parties on November 7, 1996. The address Parker provided for service on Shreve was listed in the accident report and in the local telephone directory for that year, but on October 6, 1998, the marshal called Parker's counsel to say that Shreve was not at the address listed. The return of service indicated that, in July 1998, a new tenant had moved into the address listed for Shreve.

Using in-house sources, Parker sought a better address for Shreve to no avail and then hired a private investigator on November 5, 1998. On November 6, the investigator called with Shreve's new address on Ivy Court in Fulton County, and Parker filed a revised summons with the new address the same day. On Friday, November 13, 1998, a Fulton County marshal called Parker to say that Ivy Court was in DeKalb County.

Parker called the private investigator on Monday, November 16. The investigator was convinced the address was in Fulton, but agreed to check it again. The investigator called back the next day to explain that the street address was Ivy Chase, not Ivy Court, and that Ivy Chase was in Fulton County. Parker immediately called the Fulton County marshal's office with the correct street name, and Shreve was served on November 19, 1998, 12 days after the statute of limitation expired.

Shreve moved to dismiss the action on the ground that no valid complaint existed because she was not served within the two-year statute of limitation. The trial court granted the motion and dis-

missed the complaint, finding that Parker:

> failed to exercise due diligence in getting the Defendant served as soon as reasonable. As a result, the plaintiff is guilty of laches, and the service will not relate back to the time of the filing of the Complaint for the purpose of tolling the statute of limitation.

We review for abuse of discretion the trial court's decision regarding whether or not the plaintiff was diligent in attempting service. *Brown v. Bailey*, 180 Ga. App. 555, 557 (1) (349 SE2d 792) (1986). If the trial court abuses that discretion, we must reverse its action. *Jackson v. Nguyen*, 225 Ga. App. 599, 601 (484 SE2d 337) (1997); *Scoggins v. State Farm &c. Ins. Co.*, 156 Ga. App. 408, 410-411 (274 SE2d 775) (1980).

When a complaint is filed within the applicable statute of limitation but service is perfected more than five days after the statute expires, the service relates back to the original filing only if the plaintiff shows "that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible." *Childs v. Catlin*, 134 Ga. App. 778, 781 (216 SE2d 360) (1975).

Many cases cite the proposition that a finding of laches on plaintiff's part justifies dismissal when service is made after the statute of limitation expires, beginning with *Hilton v. Maddox, Bishop &c. Contractors*, 125 Ga. App. 423 (188 SE2d 167) (1972). In considering whether service related back to the filing of the complaint when it was perfected more than two years and eight months after the complaint was filed, and more than eight months after the statute of limitation ran, the court in *Hilton* asked: "Then what effect does a belated service have, particularly where the delay is great, as here? It is laches, authorizing the court to dismiss the action where the statute of limitation had run before the service was so belatedly perfected." Id. at 426-427.

Three years later, in further explication, we held that:

> There, of course, will be situations where despite all the diligence of the plaintiff, service cannot be obtained within 5 days and before the expiration of the statute of limitation. A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be.

*Childs v. Catlin*, supra, 134 Ga. App. at 781. The Georgia Code sec-

tion titled "Laches" provides: "Equity gives no relief to one whose long delay renders the ascertainment of the truth difficult, even when no legal limitation bars the right." OCGA § 23-1-25.

In this case, we must conclude that the trial court abused its discretion by finding that service upon Shreve 12 days after the statute of limitation expired was a long delay that rendered difficult the ascertainment of the truth or "constituted such an unjust delay as to impute dilatoriness to appellant." *Scoggins v. State Farm*, supra, 156 Ga. App. at 410.

> It would seem to require no argument that the purpose of this and the other process statutes is to provide service and notice fairly without imposing undue penalties for technical or formal infractions. Thus, where it is shown that the plaintiff has acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible, no dilatoriness or unjust delay can be attributed to the plaintiff.

(Citations and punctuation omitted.) Id. at 411.

Shreve argues that, when the marshal returned Shreve's summons on October 6, 1998, with the notation that Shreve had moved, Parker became " 'obligated to exercise, not due diligence, but the greatest possible diligence to ensure proper and timely service.' " (Citation omitted.) *Mitchell v. Hamilton*, 228 Ga. App. 850, 851 (1) (493 SE2d 41) (1997). However, in *Wade v. Whalen*, 232 Ga. App. 765, 770-773 (504 SE2d 456) (1998) (physical precedent only), Presiding Judge Pope, in a special concurrence, discussed the origin and inconsistent use of the "greatest possible diligence" standard regarding service attempts. We agree with Judge Pope that the standard of "greatest possible diligence" in the context of assessing a plaintiff's attempts at service should apply only in cases in which the statute of limitation has expired and the defendant has made an appearance in court raising a service defense. See id. at 772. We need not reach this issue, however, because the trial court here used the appropriate standard of due diligence in ruling on Shreve's motion to dismiss.

We conclude that the trial court abused its discretion in granting Shreve's motion to dismiss for failure to serve Shreve before the statute of limitation expired.

*Judgment reversed. Eldridge, J., concurs. Blackburn, P. J., concurs in the judgment only.*

DECIDED JUNE 7, 2000.

*Donald P. Edwards*, for appellant.
*Shivers & Associates, Paige F. Laine*, for appellee.