A00A0759. WHITE et al. v. JONES.

(536 SE2d 167)

SMITH, Presiding Judge.

On April 11, 1997, a collision occurred between a vehicle operated by Crystal White and a vehicle operated by Gwendolyn Ruth Jones. On April 9, 1999, Crystal White, Malcolm White, and Marcus White brought this action against Jones. On May 7, Jones made a limited appearance and answered, denying the Whites' allegations as to her county of residence and address. Jones also asserted affirmative defenses, including lack of jurisdiction, insufficiency of process, insufficiency of service of process, the statute of limitation, and laches. On July 1, Jones still had not been served, and she moved to dismiss the complaint for insufficiency of service of process. The Whites responded, acknowledging that they had not yet succeeded in

serving Jones.[1] On August 9, the trial court granted Jones's motion and dismissed the complaint, concluding that the Whites were guilty of laches in failing to serve Jones in a timely fashion or to exercise due diligence in attempting to serve her. Because we find that the trial court did not abuse its discretion in dismissing the complaint, we affirm.

1. On appeal, the Whites raise for the first time the argument that the statute of limitation should not apply to Malcolm and Marcus White because they are minors. "We do not consider issues raised for the first time on appeal, because the trial court has not had opportunity to consider them." (Citation and punctuation omitted.) *Padilla v. Melendez*, 228 Ga. App. 460, 461 (1) (491 SE2d 905) (1997). In contrast to our decision in *Mitchell v. Hamilton*, 228 Ga. App. 850, 852 (3) (493 SE2d 41) (1997), in which we concluded that the issue of the application of the statute of limitation to an unemancipated minor was raised in the trial court, although only at oral argument, here the record contains not the slightest indication that the Whites ever raised this issue below.

In the Whites' response to Jones's motion to dismiss, they address solely the issue of their due diligence in locating Jones. While the style and preamble of the complaint below insert the designation "a minor" after the names of Malcolm White and Marcus White, they appear to have brought the action in their own names. Crystal White does not allege that she is bringing the action as next friend or parent, and her relationship to Malcolm and Marcus is not alleged.[2] The Whites never allege the ages of Malcolm or Marcus, their birth dates, or when their minority status would end.[3] We cannot glean from a silent record the necessary facts to consider the issue of minority, particularly when it was never raised or ruled on below.

2. We next consider the trial court's finding that the Whites were guilty of laches and lack of due diligence in their attempts to serve Jones.

> The burden on a plaintiff who has failed to serve a complaint within the statute of limitation is well established: When service is made outside the limitation period, the plaintiff

---

[1] In fact, the Whites did not succeed in serving Jones until after entry of the trial court's order granting the motion to dismiss.

[2] Although Jones also asserted as an affirmative defense this failure to bring the action by next friend, the Whites never amended their complaint. See generally OCGA § 9-2-28.

[3] In their brief on appeal, the Whites state for the first time the birth dates of Malcolm and Marcus White. But "[f]actual assertions in appellate briefs which are not supported by evidence in the record cannot be considered in the appellate process." (Citations and punctuation omitted.) *Robinson v. Stokes*, 229 Ga. App. 25, 27, n. 1 (493 SE2d 5) (1997).

has the burden of showing that due diligence was exercised. Ordinarily, the determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse. The plaintiff must also show the failure to timely serve was not her fault.

(Citations and punctuation omitted.) *Strickland v. Home Depot*, 234 Ga. App. 545-546 (507 SE2d 783) (1998).

Under the facts of this case, the Whites have not demonstrated that they exercised due diligence as a matter of law. Their obligation to ascertain Jones's correct address did not arise only upon expiration of the statute of limitation. *Devoe v. Callis*, 212 Ga. App. 618, 619 (442 SE2d 765) (1994). While the Whites' counsel alleged by affidavit that this complaint was an "emergency filing," the record shows that after the sheriff's department made a "non est" return on April 19, and even after Jones's special appearance asserting inadequate service, no further steps were taken by the Whites to locate Jones until July 28, 1999, when the Whites' counsel contacted a skip tracer and Jones's counsel. It took the skip tracer only one day to locate Jones.

"Once a plaintiff is put on notice of a problem with service, she is required to exercise the greatest possible diligence to ensure proper and timely service." (Citations and punctuation omitted.) *Devoe*, supra at 619-620. As the trial court correctly observed, once the Whites were put on notice by Jones's answer that a problem with service existed, they were obligated to take immediate action, but instead waited until three weeks after the filing of Jones's motion to dismiss, more than two months after the filing of her answer, and fourteen weeks after the statute of limitation expired, to make their *first* effort to locate Jones. Even after the skip tracer provided a correct address within one day of the Whites' request, Jones was not served until 120 days after the statute of limitation expired. "A finding of laches on a lapse of as little as 63 days between expiration of the limitation period and service has been upheld by this court." Id. at 620. The trial court did not abuse its discretion in concluding that the Whites did not use reasonable diligence to pursue service.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED JUNE 13, 2000.

*John C. Wise*, for appellants.
*Claxton & Claxton, James F. Taylor III*, for appellee.