## A00A2190. BUSBY v. WEBB.
(545 SE2d 132)

JOHNSON, Presiding Judge.

Although Virginia Busby raises seven enumerations of error in this appeal, there is but one central issue: Whether the trial court erred in dismissing her personal injury action because she "did not exercise the greatest possible diligence" in serving defendant Jennifer Webb with process. Because the trial court applied an improper legal standard in reaching its decision, we reverse its judgment and remand the case with direction that it consider the motion to dismiss using the appropriate standard.

The record shows the following: Busby and Webb were involved in a car accident on July 17, 1997. Busby filed an action against Webb in Cobb County on July 8, 1999. Busby indicated on the service documents that Webb could be served at the Cobb County address shown on the traffic citation. The sheriff's department attempted to serve Webb at that address on July 11, 1999, but she had moved.

Busby then employed an independent process server. Although the process server made "a number of attempts to find and serve" Webb throughout August 1999, he was unable to do so.

Busby hired a new attorney, and, on September 15, 1999, her new attorney hired a private investigator to locate Webb. On October 6, 1999, the investigator told Busby's attorney that he had a new address in Union County for Webb. The investigator was unable to verify the address, but counsel decided to try to serve Webb at that address. Busby's attorney sent a letter to the Union County court clerk's office requesting second original process documents. On November 10, 1999, after receiving the second original process documents from the clerk, counsel mailed them to the Union County Sheriff's Department for service. Counsel called the sheriff's office several times to check on service. The sheriff's department returned the process by mail with a form dated December 1, 1999, indicating that service was attempted, but that Webb was not found in Union County.

On December 25, 1999, the investigator notified Busby's attorney that he found a Fulton County address for Webb. On December 30, 1999, counsel mailed the complaint to the Fulton County Sheriff's Department for service. Busby's attorney called the clerk several times to check on service. In early January 2000, counsel received a form from the sheriff's department indicating that Webb had not

been found. The investigator had continued searching for Webb while the sheriff's department had the complaint.

On January 18, 2000, before she had been served, Webb filed an answer and special appearance contesting service. She moved to dismiss the suit, asserting that the statute of limitation had expired without her being properly served.

On January 19, 2000, the investigator notified counsel that he had a new Cobb County address for Webb. Counsel then mailed the complaint to the Cobb County court clerk's office for service. Webb was served on January 31, 2000.

The trial court granted Webb's motion to dismiss, finding that Busby "did not exercise the greatest possible diligence to ensure proper and timely service." We agree with Busby that the trial court erred in basing its decision on whether she exercised "the greatest possible diligence," rather than on whether she used "reasonable diligence" in attempting to serve Webb.

When a complaint is filed within the applicable statute of limitation, but service is not perfected within five days or within the period of limitation, the service relates back to the original filing only if the plaintiff shows that he acted in a *reasonable and diligent manner* in attempting to ensure that a proper service was made as quickly as possible.[1] If a defendant's answer raises the issue of defective service, however, a plaintiff is, *from that point forward*, obligated to exercise not due diligence, but the *greatest possible diligence* to ensure proper and timely service.[2] Inasmuch as Webb filed no defensive pleading raising the service issue until January 18, 2000, the greatest possible diligence standard did not apply before Busby received the answer filed on that date. Thus, the trial court should have analyzed Busby's actions before that date using the reasonable diligence standard, not the greatest possible diligence standard.[3]

Ordinarily, a judgment right for any reason must be affirmed, but where it is apparent that the trial court rests its judgment on an erroneous legal theory, it commits reversible error.[4] Accordingly, we must reverse the trial court's judgment and remand the case for a

---

[1] *Patterson v. Johnson*, 226 Ga. App. 396, 397-398 (486 SE2d 660) (1997); *Parker v. Shreve*, 244 Ga. App. 350, 351 (535 SE2d 332) (2000) (physical precedent only).

[2] *Ingraham v. Marr*, 246 Ga. App. 445, 447 (2) (540 SE2d 652) (2000); see *Patterson*, supra; *Exum v. Melton*, 244 Ga. App. 775, 776 (2) (a) (536 SE2d 786) (2000); *White v. Jones*, 244 Ga. App. 485, 487 (2) (536 SE2d 167) (2000). See also Presiding Judge Pope's discussion of the distinctions between the two standards in his special concurrence in *Wade v. Whalen*, 232 Ga. App. 765, 770-773 (504 SE2d 456) (1998) (physical precedent only); Judge Pope's position is expressly approved in *Davis v. Bushnell*, 245 Ga. App. 221, 222 (537 SE2d 477) (2000).

[3] See generally *U. S. Fidelity &c. Co. v. Reid*, 268 Ga. 432, 434 (491 SE2d 50) (1997).

[4] See *McKoon v. Jones*, 214 Ga. App. 40, 42 (447 SE2d 50) (1994); *Sumner v. Dept. of Human Resources*, 225 Ga. App. 91, 93-94 (2) (483 SE2d 602) (1997).

determination of whether Busby acted in a reasonable and diligent manner in attempting to serve Webb. On remand, we point out that Busby had the responsibility to investigate and learn where Webb could be served and to serve her as quickly as possible.[5] Busby also has the responsibility of showing that the failure to timely serve Webb was not her fault.[6]

*Judgment reversed and case remanded with direction. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 1, 2001.

*John E. Gilchrist*, for appellant.
*Allen & Associates, Arthur L. Myers, Jr.*, for appellee.

---

[5] See *Patterson*, supra.
[6] See *White*, supra.