A01A0512. CARMODY v. HILL.
(546 SE2d 545)

MIKELL, Judge.

On March 8, 1999, James Carmody filed a complaint against Annie Hill for injuries he allegedly sustained when he was bitten by Hill's dog on October 20, 1997. Hill filed a motion to dismiss for failure to perfect service within the statute of limitation. The trial court, finding that Carmody had personal knowledge of Hill's address, dismissed Carmody's complaint for failure to serve Hill within a reasonable time after the expiration of the statute of limitation. Carmody appeals the trial court's dismissal of his action. We affirm.

The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting ser-

vice after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.[1]

For the reasons discussed below, we find that the trial court did not abuse its discretion in dismissing Carmody's action.

The record shows that when Carmody filed his complaint against Hill on March 8, 1999, the address he provided for Hill was 2600 Lavista Road, Decatur. The sheriff's entry of service, which was returned on March 10, 1999, indicated that service had not been made because Lavista Road jumped from 2598 to 2606. Carmody retained a private process server, Craig Brazeman, on April 1, 1999. By affidavit, Brazeman indicated that he was unable to locate Hill until December 28, 1999, when the postal service confirmed that Hill's address was 2600 Lavista Drive. Another month passed, however, before Hill was finally served on February 2, 2000. Hill answered on February 15, 2000, raising the defense of insufficiency of process and asserting that Carmody's complaint was barred by the statute of limitation.

We find no abuse of discretion in the trial court's decision to dismiss Carmody's action. Where the plaintiff files an action within the period of limitation, but does not serve the action within five days or within the period of limitation, as in this case, " '[the] plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible.' "[2] Once the plaintiff becomes aware of a problem with service, however, his duty is elevated to an even higher duty of the greatest possible diligence to ensure proper and timely service.[3]

As a plaintiff, Carmody had "the responsibility to investigate and learn where the defendant may be located and served."[4] Furthermore, after learning from the sheriff's office that there was a problem with service on March 10, 1999, he was required to exercise, not merely due diligence, but the greatest possible diligence to serve Hill properly and timely.[5] We note that Carmody's argument that the trial court erred in finding that he did not exercise due diligence ignores this heightened duty.

At all material times, Carmody knew where Hill resided. Therefore, his duty to exercise the greatest possible diligence to serve Hill

---

[1] (Punctuation omitted.) *Sykes v. Springer*, 220 Ga. App. 388, 390 (469 SE2d 472) (1996).

[2] (Citation omitted.) *Wilson v. Ortiz*, 232 Ga. App. 191, 192 (1) (a) (501 SE2d 247) (1998).

[3] *Sykes*, supra at 390 (2).

[4] *Patterson v. Johnson*, 226 Ga. App. 396, 398 (486 SE2d 660) (1997).

[5] *Wade v. Whalen*, 232 Ga. App. 765, 766 (1) (504 SE2d 456) (1998).

required more than the reliance on third parties to locate her. Furthermore, we reject Carmody's attempts to show his diligence by blaming those who knew far less about Hill's whereabouts than he. Carmody " 'cannot excuse [his] lack of diligence by attempting to place responsibility on others.' "[6] Accordingly, under the circumstances of this case, we cannot find that the trial court abused its discretion by granting Hill's motion to dismiss.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED MARCH 5, 2001.

*Mullman-Roberts, Roy S. Mullman*, for appellant.

*Goodman, McGuffey, Aust & Lindsey, James F. Cook, Jr.*, for appellee.

---

[6] *Nee v. Dixon*, 199 Ga. App. 729, 730 (405 SE2d 766) (1991).
[1] OCGA § 40-5-58 (c).
[2] OCGA § 40-6-391 (a) (5).
[3] OCGA § 40-6-391 (a) (1).