## A04A1222. FEINOUR v. RICKER COMPANY.
### (604 SE2d 588)

MIKELL, Judge.

This is the second appearance of this case before this Court. Barbara Feinour filed this action against the Ricker Company ("Ricker") asserting various claims related to the improper installation of synthetic stucco on her home. In *Feinour v. Ricker Co.*,[1] we affirmed the trial court's grant of summary judgment to Ricker on Feinour's claims for breach of the construction contract, breach of implied warranty, fraud in concealing the defects and negligent construction, but reversed the grant of summary judgment to Ricker on Feinour's claim for breach of express warranty, finding that the claim did not accrue until October 3, 1994, when Ricker inadequately repaired the house.[2] Subsequently, the trial court granted Ricker's renewed motion for summary judgment finding that Feinour's action for breach of express warranty was barred by the statute of limitation due to her lack of diligence in serving the complaint. Specifically, the trial court found that once she was put on notice of a problem with service, Feinour failed to pursue other service options with diligence and failed to meet her burden of showing that the delay in service was not her fault. Feinour appeals this ruling. We reverse.

"The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse."[3]

---

[1] 255 Ga. App. 651 (566 SE2d 396) (2002).

[2] Id. at 652-653.

[3] (Footnote omitted.) *Carmody v. Hill*, 248 Ga. App. 437-438 (546 SE2d 545) (2001) (affirming dismissal of action). Compare *Jackson v. Nguyen*, 225 Ga. App. 599 (484 SE2d 337) (1997) (reversing dismissal of action).

For the reasons discussed below, we find that the trial court abused its discretion in granting summary judgment to Ricker.

Feinour's complaint, which was filed against Ricker in the Superior Court of Cobb County on September 28, 2000, indicated that Ricker could be served through its registered agent and chief executive officer L. George Ricker ("Mr. Ricker") at its registered office at 1950 North Park Place, Suite 300, Atlanta, Cobb County, Georgia 30339. On October 2, 2000, a non est return of service was filed, which recited that "per office, [George Ricker] only in about once a month." Feinour's counsel averred that his office provided to the Cobb County Sheriff's Department a second address in Cobb County of 4770 Powers Part Court, Marietta, and that on October 3, 2000, his office received the Sheriff's Entry of Service showing that the sheriff could not serve Ricker at that address. The entry of service for the second address does not appear in the record. On October 11, 2000, Feinour attempted to serve Ricker through the Fulton County Sheriff's Department at Mr. Ricker's residence, 855 Carlton Ridge, Atlanta, Fulton County, Georgia 30342. Counsel's legal assistant followed up several times with the Fulton County Sheriff's Department and was told that it was still attempting service; on December 13, 2000, she was told by the sheriff's department that it was unable to serve Ricker and that the documents would be returned. On December 21, 2000, a non est service was filed by the Fulton County Sheriff's Department, which recited that "attempt several times to serve but unable to [serve] at [Carlton Ridge] address."

On December 18, 2000, Feinour hired Professional Process Service of Atlanta, Inc. ("PPS"), to serve Ricker in Fulton County. PPS unsuccessfully attempted to serve Ricker on six separate occasions from December 24, 2000, to April 12, 2001. On January 23, 2001, Feinour filed a motion for appointment of process server [Daniel Young], which was granted by the trial court. On that same date, Young made three separate — albeit unsuccessful — attempts to serve Ricker at both 1950 North Park Place and 855 Carlton Ridge. On January 24, 2001, Young returned to 1950 North Park Place and was told that Mr. Ricker was not in. He also went to 855 Carlton Ridge, Mr. Ricker's residence, where he noticed a white Jeep in the driveway, but no one answered the door. Young returned to Mr. Ricker's residence midday, but the white Jeep was no longer in the driveway. When Young went back again that evening, the white Jeep again was parked in the driveway but no one answered the door.

From January 25 through January 30, 2001, Young made similar attempts to serve Ricker at both addresses all of which were unsuccessful. When Young returned to 1950 North Park Place on February 2, 2001, a woman in the office gave him two telephone numbers for Mr. Ricker and stated that he almost never comes into the office. On

February 3, 2001, Young returned to Mr. Ricker's residence. A white Jeep was in the driveway, but no one answered the door. While sitting in the driveway, Young called both telephone numbers, and a man answered. When Young told the man he had a delivery for him, the man said he knew Young was trying to serve papers on him and that he would not come out. For the next few weeks, Young returned to the residence and waited in his car hoping to catch Mr. Ricker. As Young was waiting in a neighbor's driveway on March 7, 2001, Mr. Ricker drove into his driveway in a white Jeep. Young sneaked up the driveway and attempted to serve Mr. Ricker when he exited his vehicle. When Mr. Ricker saw Young he jumped back in his car and locked the doors. As Young was placing the papers under the windshield wipers of Mr. Ricker's vehicle, Mr. Ricker reversed down the driveway and into the street. Once Mr. Ricker hit the street he slammed the car in drive and the papers flew out onto the street.

Under the facts of this case, we find that the trial court abused its discretion in granting summary judgment to Ricker.

> Where the plaintiff files an action within the period of limitation, but does not serve the action within five days or within the period of limitation, as [here], the plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible.[4]

Feinour contends that the trial court erred in finding that she failed to exercise due diligence in serving Ricker. Ricker contends that there is some confusion about which standard to apply as this Court's opinions are split on whether to apply the "due diligence" standard or the "greatest possible diligence" standard in assessing Feinour's efforts to serve Ricker. He also argues that Feinour failed to exercise even due diligence. As we noted in *Davis v. Bushnell*,[5]

> [w]e agree with Judge Pope that the standard of "greatest possible diligence" in the context of assessing a plaintiff's attempts at service should apply only in cases in which the statute of limitation has expired and the defendant has made an appearance in court raising a service defense.[6]

---

[4] (Punctuation and footnote omitted.) *Carmody*, supra at 438. See also OCGA § 9-11-4 (c) ("[w]hen service is to be made within this state, the person making such service shall make the service within five days from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate a later service").

[5] 245 Ga. App. 221 (537 SE2d 477) (2000).

[6] (Footnote omitted.) Id. at 222, discussing *Wade v. Whalen*, 232 Ga. App. 765, 772-773 (504

However, in this case, we need not decide which standard to apply, because the evidence shows that Feinour exercised the greatest possible diligence in attempting to locate and serve Ricker.

We reject Ricker's argument that Feinour failed to exercise diligence from October 11, 2000, through February 2001, when Feinour claims that Mr. Ricker began evading service. After Feinour learned from the Cobb County Sheriff's Department that there was a problem with service, Feinour attempted service through the Fulton County Sheriff's Department at Mr. Ricker's residence, and counsel's office continually followed up with the sheriff's department until December 13, 2000, when the sheriff's department told counsel's office that service could not be perfected. Several days later, Feinour hired a professional process server and subsequently moved the trial court to appoint a process server. On March 7, 2001, after much tracking and waiting, the process server appointed by the court eventually served Ricker at Mr. Ricker's residence, the *same* address Feinour had provided to the Fulton County Sheriff's Department on October 11, 2000, just days after the expiration of the applicable statute of limitation and the five-day statutory grace period provision.

In this case, unlike in *Carmody*,[7] there is evidence that Feinour's efforts to serve Ricker were continuous and that she exercised the greatest possible diligence in light of Mr. Ricker's obvious and continued attempts to evade service. Accordingly, under the circumstances of this case, we must find that the trial court abused its discretion by granting Ricker's motion for summary judgment.

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

---

SE2d 456) (1998) (Pope, J., concurring specially) (advocating return to the use of the standard of "due diligence" in evaluating all service attempts and abandoning the higher standard of "greatest possible diligence," except in cases where the issue is raised by the defendant's responsive pleadings). See also *Ingraham v. Marr*, 246 Ga. App. 445, 447 (2) (540 SE2d 652) (2000) ("[i]f a defendant's answer raises the issue of defective service, however, a plaintiff is, from that point forward, 'obligated to exercise, not due diligence, but the greatest possible diligence to ensure proper and timely service' ") (footnote omitted); *Parker v. Shreve*, 244 Ga. App. 350, 352 (535 SE2d 332) (2000) (agreeing with Judge Pope that "the standard of 'greatest possible diligence' in the context of assessing a plaintiff's attempts at service should apply only in cases in which the statute of limitation has expired and the defendant has made an appearance in court raising a service defense") (citation omitted). Compare *Williams v. Bragg*, 260 Ga. App. 377, 379 (579 SE2d 800) (2003) (sheriff's return of service stating that defendant was not a resident, "should have placed [plaintiff] on notice that [defendant's] address was not in Chatham County and inspired him 'to exercise the greatest possible diligence to ensure proper and timely service' ") (citation omitted); *Sykes v. Springer*, 220 Ga. App. 388, 390 (2) (469 SE2d 472) (1996) ("[f]rom the time [plaintiff] received notice [from sheriff's department] of a problem with service, he was obligated to exercise, not due diligence, but 'the greatest possible diligence to ensure proper and timely service") (citation omitted).

[7] Supra.

DECIDED SEPTEMBER 9, 2004.

*Charles F. Peebles*, for appellant.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, John M. Hawkins*, for appellee.