A05A0445. HARRIS v. JOHNS.
(618 SE2d 1)

ADAMS, Judge.

On March 5, 2004, plaintiff Charles E. Harris filed a complaint against Jeremy Johns and others seeking to recover for personal injuries he allegedly received in an automobile accident that occurred on March 14, 2002. Johns was not served with the complaint until April 30, 2004. He subsequently filed a motion to dismiss or, in the alternative, motion for summary judgment based upon Harris's failure to serve him within the statute of limitation. The trial court granted summary judgment to Johns, and this appeal followed.

The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.

*Carmody v. Hill*, 248 Ga. App. 437, 437-438 (546 SE2d 545) (2001).

The record shows the following facts pertinent to this appeal: Johns was a long distance truck driver, a fact that was known to Harris at the time of the accident. Johns was a resident of Tennessee, and his home address was in Lawrence County Tennessee. This address was known to Harris at the time of the accident and at the time the complaint was filed.

The Lawrence County Sheriff's Department received the summons, complaint and discovery requests from Harris's counsel on March 12, 2004, just two days prior to the expiration of the statute of limitation. Plaintiff's counsel contacted the sheriff's office on March 19 and March 26 and was informed that service had been attempted but not made. Johns filed an answer on April 6, 2004, before he was served, raising the defenses of, inter alia, insufficiency of service of process and asserting that the complaint was barred by the running of the statute of limitation. On April 8, Harris's attorney initiated another inquiry into the status of service. According to her affidavit, at some point subsequent to this inquiry she also asked a paralegal to contact the sheriff's office and request that the documents be returned so that a private process service could be used. However, there is nothing to indicate that this contact was in fact made, and on April 30, 2004, Johns was served by a Tennessee sheriff's deputy.

> Where the plaintiff files an action within the period of limitation, but does not serve the action within five days or within the period of limitation, as in this case, "(the) plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible." Once the plaintiff becomes aware of a problem with service, however, his duty is elevated to an even higher duty of the greatest possible diligence to ensure proper and timely service.

(Citations, punctuation and footnote omitted.) *Carmody v. Hill*, 248 Ga. App. at 438.

In granting summary judgment to Johns, the trial court found that Harris first became aware of a problem with service on March 19, when his attorney learned the deputies had been unsuccessful in serving Johns. Harris contends this was error, and the trial court should have applied the heightened "greatest possible diligence" standard only from the time Johns filed his answer raising a problem with service. Although numerous opinions have agreed with Judge Pope's special concurrence in *Wade v. Whalen*, 232 Ga. App. 765, 772-773 (504 SE2d 456) (1998) (Pope, J., concurring specially) (physical precedent only) that the greatest possible diligence standard should be applied only from the point a defendant has raised a service

defense, e.g., *Feinour v. Ricker Co.*, 269 Ga. App. 508, 510 (604 SE2d 588) (2004); *Ingraham v. Marr*, 246 Ga. App. 445, 447 (540 SE2d 652) (2000); *Davis v. Bushnell*, 245 Ga. App. 221 (547 SE2d 477) (2000); *Parker v. Shreve*, 244 Ga. App. 350, 352 (535 SE2d 332) (2000), this Court has also found that other circumstances may provide the requisite notice to plaintiff of a service problem so as to trigger the heightened standard. *Williams v. Bragg*, 260 Ga. App. 377, 379 (579 SE2d 800) (2003) (greatest possible diligence required after plaintiff learned that address was not in county where service had been attempted); *Carter v. McKnight*, 260 Ga. App. 105, 107 (1) (578 SE2d 901) (2003) (greatest possible diligence after unsuccessful service attempt alerted plaintiffs to a service problem); *Carmody v. Hill*, 248 Ga. App. at 438 (greatest possible diligence standard applied from time plaintiff became aware of a problem with the address given to the sheriff); *Sykes v. Springer*, 220 Ga. App. 388, 390 (2) (469 SE2d 472) (1996) (greatest possible diligence standard applied from the time plaintiff received notice from the sheriff's department of a problem with service).

In this case, however, it is unnecessary for us to resolve this apparent conflict. Even accepting Harris's argument that the greatest possible diligence standard should have been applied only from the time Johns filed his answer raising service defenses, the record does not demonstrate that, other than to initiate another call to the sheriff's office, any other steps were taken after that date to ensure that service was made "as quickly as possible." And, as the trial court found, this lack of effort to attempt other methods of service was despite the fact that Harris knew that Johns was a long-distance truck driver who might be difficult to locate. Clearly, "[t]he fact that a defendant may be hard to find does not justify a lack of effort on the part of a plaintiff." *Ingraham v. Marr*, 246 Ga. App. at 447.

Moreover, although Harris's attorney averred in her affidavit that at some point in time after Johns' answer was filed she instructed a paralegal to contact the sheriff's office to have the service documents returned so a private process server could be used, there is nothing to indicate that this request was in fact made, or that any other methods of service were in fact attempted.[1] Under these circumstances, we find no abuse of discretion in the trial court's determination that Harris failed to meet his burden of showing that he exercised the greatest possible diligence in perfecting service on Johns. *Neely v. Jones*, 271 Ga. App. 487 (610 SE2d 133) (2005).

---

[1] On appeal, Harris argues that certain limitations *might* exist on other methods of service because Johns resided in a foreign jurisdiction. However, it does not appear from the record before us that these issues were raised in the trial court, and they will not be considered here for the first time.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED APRIL 18, 2005 —
RECONSIDERATION DENIED JULY 22, 2005 — 

Deming, Parker, Hoffman, Green & Campbell, James R. Green, Jr., Beverly R. Adams, Catherine C. Semler, for appellant.
Gilliland, Ratz & Browning, Robert W. Browning, for appellee.