## A06A0411. BAXLEY v. BALDWIN.
(631 SE2d 506)

PHIPPS, Judge.

Mary Baxley sued Mary Baldwin, alleging that she had suffered injuries after falling on uneven flooring in Baldwin's gift shop. Baldwin moved to dismiss, asserting insufficient service of process, and the court granted her motion. Baxley appeals, but we affirm because the record supports the court's conclusion that Baxley failed to exercise sufficient diligence to accomplish personal service.

The material facts are not in dispute. The alleged fall that formed the basis of the complaint happened on November 2, 2002. Baxley filed her complaint on October 27, 2004. Lieutenant Lee Gibson of the Sumter County Sheriff's Office tried to serve Baldwin at her store on October 29, but was told that she was in Atlanta. He tried again to serve her at the store on November 1, but was told that she was not there. He tried a third time to serve her at the store on November 4, but was told that she was in Florida and would not be back until November 27. He left her a note informing her that she had been sued and should contact the sheriff's office for delivery of service.

On November 17, Baxley sought an order permitting service by publication. She argued that she had tried three times to serve Baldwin at her place of business but could not find her and had no knowledge of her residence or current whereabouts. The court issued the order on November 18, and Baxley published a notice of summons in the local legal paper the same day.

On November 27, Gibson called Baldwin's store and was told that she would be there on December 2 and 3. He tried to serve her at the store on November 30, but was told she was not there. He tried again to serve her at the store on December 2, but the store was closed. He made a final attempt to serve Baldwin at the store on December 3, but was again told that she was not there.

Baldwin answered in January 2005, asserting the defenses of lack of personal jurisdiction, insufficient service of process, and running of the statute of limitation. She later moved to dismiss the complaint on the grounds that the statute of limitation had run and she had never been personally served.[1] In support of the motion, Baldwin submitted her own affidavit stating that she had not been personally served, that she had continuously resided in the county since November 2002, and that she had never made any effort to avoid personal service.

---

[1] Although Baldwin initially styled her motion as one for summary judgment, the court and the parties later referred to it as a motion to dismiss.

In opposition to the motion, Baxley submitted two affidavits from Gibson, as well as her own affidavit. Gibson's first affidavit factually recounted his efforts to serve Baldwin. His second affidavit stated, in relevant part, "It is my professional opinion that the defendant, Mary Baldwin, was intentionally evading service of the process that I made attempts to deliver." Baxley's affidavit stated only, "Diligent efforts were made to serve the Defendant prior to the Order for Service by Publication. The Defendant concealed herself to avoid service."

Baldwin moved to strike Gibson's second affidavit and Baxley's affidavit on the ground that they were "bare conclusions, unsupported opinions, speculation and conjecture." The trial court granted Baldwin's motion to strike and dismissed the complaint. The court found that "[t]he facts of record do not establish willful concealment and avoidance of service." The court further found that although Baxley "established the necessary diligence in attempting to locate the defendant to support service by publication," she had not shown "sufficient due diligence in attempting to serve the defendant since publication."

1. Baxley argues that the trial court erred by granting Baldwin's motion to strike her affidavit and Gibson's second affidavit. We disagree.

Affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."[2] The trial court should strike or refrain from considering any portion of an affidavit containing hearsay, unsupported conclusions, and other inadmissible material.[3]

Baxley's affidavit contained bare conclusions that were neither supported by facts nor based on personal knowledge. Gibson's second affidavit, though couched as a "professional opinion," was also a bare conclusion, not supported by facts, about Baldwin's true motives and intent.[4] Because the affidavits in question failed to meet the requirements of OCGA § 9-11-56 (e), the trial court did not abuse its discretion by striking them.[5]

---

[2] OCGA § 9-11-56 (e). Although that statute explicitly applies only to affidavits offered to support or oppose summary judgment motions, our Supreme Court has held that the same requirements apply to affidavits offered in connection with a motion to dismiss. See *McPherson v. McPherson*, 238 Ga. 271, 272 (1) (232 SE2d 552) (1977); see also *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 846 (1) (366 SE2d 223) (1988).

[3] See *Sherrill v. Stockel*, 252 Ga. App. 276, 278 (557 SE2d 8) (2001); *Short & Paulk Supply Co. v. Dykes*, 120 Ga. App. 639, 645 (3) (171 SE2d 782) (1969).

[4] See *McPherson*, supra (affiant's statement that his wife "lured him into this state for the sole purpose of serving him with [divorce] complaint" was a bare conclusion as to wife's motives and could not be considered as evidence); *Taeger Enterprises v. Herdlein Technologies*, 213 Ga. App. 740, 746 (1) (445 SE2d 848) (1994) (witness may not ordinarily testify about another's intent, purpose, or contemplation in a given situation).

[5] See, e.g., *Zampatti v. Tradebank Intl. &c.*, 235 Ga. App. 333, 336 (2) (a) (508 SE2d 750)

2. Baxley claims that her service by publication was sufficient. Baldwin, on the other hand, argues that service by publication did not confer personal jurisdiction over her and that personal service was necessary. We agree with Baldwin.

"[N]otice by publication is a notoriously unreliable means of actually informing interested parties about pending suits. . . ."[6] Accordingly, the general rule in this state is that service by publication does not confer personal jurisdiction over a defendant.[7] Our Supreme Court has carved out an exception to this rule when a defendant with actual knowledge of the suit wilfully conceals himself to frustrate all reasonable efforts to effect personal service.[8] The trial court, however, found that there was no admissible evidence of wilful concealment, and as discussed more fully in Division 3, that finding was not an abuse of discretion. Therefore, the "wilful concealment" exception does not apply here. Baxley was obligated to personally serve Baldwin, and the published notice — although permitted by the trial court — did not relieve her of that obligation.[9]

3. Baxley contends that the trial court erred by dismissing her complaint for failure to exercise sufficient diligence in attempting to personally serve Baldwin. Again, we disagree.

Baxley filed the complaint six days before the limitation period ran on her claim,[10] but she failed to serve Baldwin before the period ran. "The burden on a plaintiff who has failed to serve a complaint within the statute of limitation is well established: When service is made outside the limitation period, the plaintiff has the burden of showing that due diligence was exercised."[11] "Once the plaintiff becomes aware of a problem with service, however, his duty is elevated to an even higher duty of the greatest possible diligence to ensure proper and timely service."[12] The trial court has discretion to

(1998); see also *Cox v. U. S. Markets*, 278 Ga. App. 287, 290-291 (3) (628 SE2d 701) (2006).

[6] *Abba Gana v. Abba Gana*, 251 Ga. 340, 343 (304 SE2d 909) (1983) (citations omitted).

[7] *Southeastern Security Ins. Co. v. Lowe*, 242 Ga. App. 535, 536 (1) (530 SE2d 231) (2000).

[8] *Melton v. Johnson*, 242 Ga. 400 (249 SE2d 82) (1978); compare *Abba Gana*, supra.

[9] See *Williams v. Jackson*, 273 Ga. App. 207 (614 SE2d 828) (2005).

[10] The statute of limitation applicable to personal injury actions is two years. OCGA § 9-3-33. Because Baxley's fall occurred on November 2, 2002, the limitation period expired on November 2, 2004. She filed her complaint on October 27, 2004.

[11] *White v. Jones*, 244 Ga. App. 485, 486-487 (2) (536 SE2d 167) (2000) (citation and punctuation omitted).

[12] *Harris v. Johns*, 274 Ga. App. 553, 554 (618 SE2d 1) (2005) (citation and punctuation omitted); but see *Feinour v. Ricker Co.*, 269 Ga. App. 508, 510-511 (604 SE2d 588) (2004) (discussing split of authority over whether "greatest possible diligence" standard applies when plaintiff learns of a problem with service, or when defendant raises the issue in responsive pleading).

determine whether a plaintiff has exercised sufficient diligence to effect service after the running of the statute of limitation, and we will not disturb the court's decision absent an abuse of that discretion.[13]

Baxley's request for service by publication in mid-November shows that she knew by then that there was a "problem with service."[14] When Baldwin raised the defense of insufficient service in her January 2005 answer, Baxley knew that the problem persisted. The record, however, fails to show that Baxley acted with due diligence — much less with the "greatest possible diligence."

Her only efforts to personally serve Baldwin after the publication consisted of three visits by Gibson, the process server, to Baldwin's store. But the evidence that Gibson paid three fruitless visits to the store does not demand a finding that Baldwin was wilfully concealing herself to avoid service. And after Gibson's unsuccessful attempt on December 3, Baxley apparently gave up any effort to effect personal service, despite Baldwin's pleading of insufficient service of process in her answer. There is no evidence in the record that Baxley ever tried to serve Baldwin at her home address. Baldwin's affidavit stated that she has lived continuously in the county since November 2002, and there is no evidence that her personal residence was difficult to find.[15] Thus, the evidence did not demand a finding that Baxley acted diligently to personally serve Baldwin after becoming aware of a problem with service, and the trial court did not abuse its discretion in dismissing the complaint.[16]

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED MAY 18, 2006.

*Ralph L. Phillips*, for appellant.
*Gardner, Willis, Sweat & Handelman, Donald A. Sweat*, for appellee.

---

[13] *Harris*, supra at 553; *Heard v. Hart*, 241 Ga. App. 441, 443 (526 SE2d 908) (1999).

[14] *Harris*, supra.

[15] See *Wade v. Whalen*, 232 Ga. App. 765, 768 (1) (504 SE2d 456) (1998) (physical precedent only) (burden is on plaintiff to ascertain defendant's residence before filing suit).

[16] See *Harris*, supra at 555; *Williams*, supra at 209; *Bailey v. Bailey*, 252 Ga. App. 175, 176-177 (1) (555 SE2d 853) (2001).