**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 25, 2022**

# In the Court of Appeals of Georgia

A21A1255. BEAUPARLANT v. AIKEN et al.

PIPKIN, Judge.

The trial court granted a motion to dismiss filed by Appellee Tara Freyermuth Aiken after concluding that Appellant Deborah Beauparlant filed her complaint shortly before the expiration of the statute of limitation but that she thereafter failed to use reasonable diligence to perfect service after the limitation period had run.[1] We agree with Appellant that the trial court failed to properly consider the various orders issued as part of the Statewide Judicial Emergency and, consequently, erroneously calculated the applicable statute of limitation. Accordingly, we reverse the judgment of the trial court.

---

[1] The trial court also dismissed Appellant's action against Appellee's employer, but Appellant does not challenge this ruling on appeal.

While the grant of a motion to dismiss for untimely service is generally reviewed for abuse of discretion, see, e.g., *Baxley v. Baldwin*, 279 Ga. App. 480, 482 (3) (631 SE2d 506) (2006), this appeal requires us to review the undisputed facts to determine the applicable statute of limitation; this is a question of law that we review de novo. See *Harrison v. McAfee*, 338 Ga. App. 393, 395 (2) (788 SE2d 872) (2016).

On June 11, 2018, Appellant was driving through a private parking lot in Pooler, Georgia, when she collided with a vehicle driven by Appellee; Appellant claims that, as a result of the collision, she "sustain[ed] multiple injuries to her body, requiring extensive and subsequent medical treatment." Appellant filed the instant action on June 2, 2020, and served Appellee with the complaint on August 9, 2020.

On October 8, 2020, Appellee answered and moved to dismiss,[2] arguing that Appellant failed "to timely serve [Appellee] within the applicable statute of limitation." In her supporting brief, Appellee averred that the complaint was filed just days before the expiration of the statute of limitation but that Appellant failed to exercise due diligence in perfecting service after the limitation period had run; according to Appellee, Appellant was guilty of laches and the complaint was due to

---

[2] By consent of the parties, Appellee was afforded additional time to respond to the complaint and discovery requests. See OCGA § 9-11-6 (b).

be dismissed. Appellee also argued that Appellant's action was not saved by the various tolling provisions included in the orders issued by the Chief Justice of the Georgia Supreme Court as part of the Statewide Judicial Emergency. In response, Appellant argued that the applicable statute of limitation had, in fact, been tolled and that, even if it had not, she had acted in a reasonably diligent manner in attempting to serve Appellee; Appellant also asserted that Appellee's motion to dismiss was frivolous and moved the trial court to award attorney fees under OCGA § 51-7-81. The trial court adopted Appellee's position and granted the motion,[3] giving rise to this appeal.

Generally speaking, "actions for injuries to the person shall be brought within two years after the right of action accrues." OCGA § 9-3-33. However, "the mere filing of a complaint does not commence a suit; instead, the plaintiff must file the complaint and effect proper timely service as required by law." *Crane v. Lazaro*, 281 Ga App. 127, 128 (1) (635 SE2d 319) (2006). The question here is whether Appellant filed and served her complaint within the applicable statute of limitation.

---

[3] The trial court's order granting the motion to dismiss was prepared by Appellee's counsel.

The statute of limitations in this case would have expired on June 11, 2020. However, on March 14, 2020 – before the expiration of the relevant statute of limitation and before Appellant filed her action – the Chief Justice of the Georgia Supreme Court issued an Order Declaring a Statewide Judicial Emergency as a consequence of "the continued transmission of Coronavirus/COVID-19 throughout the State and the potential infection of those who work in or are required to appear in our courts." As we have explained before, that first

> emergency order suspended or tolled, during the period of [that] order, "any deadlines or other time schedules or filing requirements imposed by otherwise applicable statutes, rules, regulations, or court orders, whether in civil or criminal cases or administrative matters, including, but not limited to any . . . statute of limitation." The emergency order subsequently [was] extended several times. In his third emergency order issued on June 12, 2020, the Chief Justice reimposed deadlines imposed on litigants by statutes, rules, regulations, and court orders [effective July 14, 2020,] *with certain exceptions and conditions*, including that "[t]he 122 days between March 14 and July 14, 2020, *or any portion of that period in which a statute of limitation would have run*, shall be excluded from the calculation of that statute of limitation." The 122-day tolling provision has been included in all subsequent extensions of the emergency order.

4

(Punctuation and citation omitted; emphasis supplied.) *First Merit Credit Svcs. v. Fairway Aviation, LLC*, 359 Ga. App. 829, 835 (2) n.8 (860 SE2d 126) (2021).

In accordance with the plain language of the emergency orders and consistent with Appellant's ardent argument below, the statute of limitation in this case was, in fact, tolled between March 14, 2020, and June 11, 2020 – approximately 90 days – which is the period between March 14 and July 14, 2020 in which the statute of limitation would have run with respect to Appellant's personal-injury claim. Excluding this 90-day period from the calculation of the statute of limitation in this case – as is plainly required by the Third Order Extending Statewide Judicial Emergency – Appellant filed her complaint and effectuated service well within the relevant statute of limitation, and the trial court erred in concluding otherwise.

Appellee argues that Appellant somehow waived the tolling provision of the Statewide Judicial Emergency by opting to commence her action during the time in which the statute of limitation was tolled and by taking steps to effectuate service on

Appellant.[4] However, Appellee cites absolutely no authority to support this proposition, and nothing in the applicable Statewide Judicial Emergency orders hints to any such waiver.[5]

*Judgment reversed. Miller, P. J., and Hodges, J., concur.*

---

[4] Appellee argued below in her motion to dismiss that the statute of limitation was tolled for only the nine days between when Appellant filed her complaint on June 2, 2020, and when the statute of limitation was otherwise set to expire on June 11, 2020, yet Appellee also claimed that "the effective date of the filing of [Appellant's] complaint is July 14, 2020." Appellee then argued that Appellant was not actually entitled to that nine days of tolling and that Appellant was required to effectuate service within five days of the reimposed deadline of July 14, 2020. Appellee has conspicuously abandoned this argument on appeal.

[5] Appellee makes no argument that she was somehow prejudiced by the two-month period between the filing and service of Appellant's complaint.