A04A0589. CARVER et al. v. TIFT COUNTY HOSPITAL AUTHORITY.

(601 SE2d 475)

PHIPPS, Judge.

Walter A. Carver and Tiffany K. Carver brought a medical negligence action against Tift General Hospital and others. The trial court dismissed the Carvers' claims against the hospital based on its determination that they failed to exercise due diligence in perfecting service upon the hospital. On appeal, the Carvers claim that the trial court abused its discretion. We agree and reverse.

The Carvers filed their action on December 5, 2002. The statute of limitation expired on December 20, 2002. Meanwhile, on December 9, the Carvers sent a Notice of Lawsuit and Request for Waiver of Service and Summons to all defendants. All of the defendants, except the hospital, agreed to waive service. On December 19 and December 20, counsel for the Carvers called counsel for the hospital and left messages asking whether the hospital would waive service. Because the hospital's counsel did not respond, the Carvers' counsel called again on January 7, 2003. On January 8, the hospital's counsel responded that the hospital would not waive service because OCGA § 9-11-4 (d), which addresses waiver of service, does not apply to a governmental entity such as the hospital.

On January 13, the Carvers formally served the hospital. The sheriff's return of service indicated that the hospital's agent had been personally served with a copy of the complaint and summons. On February 12, the hospital answered the Carvers' complaint and asserted the affirmative defenses of insufficiency of process and insufficiency of service of process, among others.[1] The hospital did not explain the basis for those defenses in its answer.

On March 4, the Carvers served the hospital with interrogatories seeking in part to discover the factual basis for the hospital's affirmative defenses of insufficiency of process and insufficiency of service of process. That same day, counsel for the Carvers traveled to Tifton to try to find out if he had failed to serve the proper agent for service of process.

---

[1] The answer identified the hospital as "Tift County Hospital Authority d/b/a Tift Regional Medical Center (formerly known as Tift General Hospital)."

On March 5, the hospital filed an application for a hearing on its defenses of insufficiency of process, insufficiency of service of process and lack of personal jurisdiction. The application was not accompanied by a motion to dismiss or supporting brief and gave no indication as to the factual basis for the asserted OCGA § 9-11-12 (b) defenses.

On April 6, the hospital responded to the Carvers' interrogatories and refused to provide the factual basis for its affirmative defenses, claiming that such information was protected by the work product doctrine. On April 11, the trial court conducted a hearing on the hospital's 12 (b) defenses. The hospital presented three witnesses who testified only to the fact that they had received a copy of the Carvers' complaint and the sheriff's entry of service. It was not until after the evidence was closed that the hospital's attorney revealed the basis for its defenses — no summons had been attached to the complaint that was served on January 13 and no summons had been issued by the court. In response, the Carvers' counsel told the court that he felt "ambushed" because although he had served interrogatories seeking to discover the facts supporting the hospital's 12 (b) defenses, he had not been given any information and did not know the basis for the defenses prior to the hearing.

On April 17, four business days after the hearing, the Carvers served the hospital with a copy of the summons and the complaint. In an order dated August 7, the trial court dismissed the Carvers' action against the hospital for failure to exercise due diligence in perfecting service, but did not explain the basis for its decision.

Initially, we note that service of a summons, unless waived, is required to obtain jurisdiction over a defendant.[2] Without such legal service or a waiver thereof, the court lacks jurisdiction to enter any judgment in the case except for a dismissal based on lack of jurisdiction.[3]

When a complaint is filed within the applicable statute of limitation but service is perfected more than five days after the statute expires, "whether or not it relates back . . . depends on the length of time and the diligence used by the plaintiff."[4] In this situation, the trial court must look at the facts involved and determine whether the plaintiff was in any way guilty of laches.[5] "If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be."[6] We review the trial court's decision on this issue

[2] *Stamps v. Bank South*, 221 Ga. App. 406, 408 (1) (471 SE2d 323) (1996).

[3] Id. at 408-409.

[4] *Bible v. Hughes*, 146 Ga. App. 769, 770 (2) (247 SE2d 584) (1978).

[5] *Childs v. Catlin*, 134 Ga. App. 778, 781 (216 SE2d 360) (1975).

[6] Id.

under an abuse of discretion standard.[7]

From the time the complaint was filed until the Carvers received the hospital's answer (sometime after February 12), the Carvers acted in a reasonable and diligent manner in attempting properly to serve the hospital as quickly as possible.[8] Five days after learning that the hospital was not an entity subject to the waiver of service rules, the Carvers served the hospital's agent. The sheriff's return of service indicated that the hospital had been served with a copy of the complaint *and* summons. The Carvers had no reason to doubt that the hospital had been served properly at that point. But when the Carvers received the hospital's answer raising the defenses of insufficiency of process and insufficiency of service of process, it "should have put them on notice and inspired them, through counsel, to exercise the greatest possible diligence to ensure proper and timely service."[9]

The Carvers took several actions after receiving the hospital's answer. On March 4, they served interrogatories designed to discover the factual basis for the hospital's defenses and their counsel went to the court, the county commissioner's office and the hospital to determine whether he had served the wrong agent for service of process. Although interrogatories are available to discover any evidentiary basis for the defenses asserted by the hospital,[10] counsel for the hospital refused to provide any information on this issue in response to the Carvers' interrogatories. In addition, the hospital's chairman refused to tell the Carvers' counsel if he was in fact the proper agent for service of process. By filing an application for a hearing on its 12 (b) defenses instead of a motion to dismiss, the hospital continued to hide the factual basis for those defenses. It was not until after the close of evidence at the hearing that the hospital finally revealed the only basis for their defenses — no summons was attached to the complaint served on January 13. Four business days after the hospital explained why it sought to dismiss the Carvers' complaint, the Carvers properly served the hospital.

Under the circumstances, we find that the Carvers met their burden of showing that they acted with the appropriate degree of diligence to ensure proper service.

> The object of service on the defendant is to afford him notice of the pendency of the proceeding and to afford him an opportunity to appear and to be heard. One of the purposes of

---

[7] *Jackson v. Nguyen*, 225 Ga. App. 599, 600 (484 SE2d 337) (1997).

[8] See *Childs*, supra.

[9] *Roberts v. Bienert*, 183 Ga. App. 751, 752 (1) (360 SE2d 25) (1987).

[10] See *Exum v. Melton*, 244 Ga. App. 775, 776-777 (2) (536 SE2d 786) (2000).

the Civil Practice Act of 1965 was to minimize those situations in which an action abated on account of the niceties of technical rules of practice and procedure.[11]

By its actions in this case, the hospital tried to take advantage of the technical rules of practice and procedure and arguably made "an affirmative effort to prevent [the Carvers] from perfecting [proper] service."[12] We find that the trial court abused its discretion when it dismissed the Carvers' claims against the hospital.

*Judgment reversed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 28, 2004.

*Grist & Brock, Kenneth M. Brock*, for appellants.
*Reinhardt, Whitley, Wilmot & Summerlin, Robert C. Wilmot*, for appellee.

---

[11] *Tyree v. Jackson*, 226 Ga. 690, 693 (1) (177 SE2d 160) (1970).

[12] *Miller v. Hands*, 188 Ga. App. 256, 258 (372 SE2d 657) (1988).