## A08A0180. ABIMBOLA et al. v. PATE.
(662 SE2d 840)

ANDREWS, Judge.

Temitosan Abimbola, individually and as next friend of his daughter Jesutofunmi and his wife Adelani Abimbola (hereinafter plaintiffs), appeal from the trial court's order of June 26, 2007, which dismissed their pro se lawsuit against Elizabeth Westfall Pate arising from an automobile accident which occurred on December 10, 2003.

Plaintiffs filed their complaint on December 9, 2005, the day before the running of the statute of limitation. The return of service reflects "notorious" service by serving Pate's mother on December 29, 2005, at Pate's Alpharetta address. On January 30, 2006, Pate's answer was filed, raising the defenses of insufficiency of service of process, laches, and the running of the statute of limitation. On July 24, 2006, Pate filed her motion for summary judgment, or in the alternative, motion to dismiss based on the fact that plaintiffs failed to perfect service on her within the statute of limitation and failed to exercise due diligence in having her served. On August 3, 2006, Pate filed her supplement to her motion, attaching as Exhibit A her affidavit stating that she was a resident of Fulton County on December 9, 2005, had done nothing to conceal her whereabouts, and had never been served with the lawsuit. By amendment to her motion, filed on September 19, 2006, Pate submitted as Exhibit B, the affidavit of her mother, Pam Westfall, stating that her permanent address and usual place of abode of 20 years was in Anderson, South Carolina, and that she was not residing with Pate on December 29, 2005. On September 19, 2006, Pate submitted her supplemental affidavit stating that her mother's permanent residence and place of abode on December 29, 2005, was in Anderson, South Carolina, and her mother was not residing with her on December 29, 2005.

A hearing was held on Pate's motion on December 18, 2006, at which the trial court orally ruled that "without proper service, this court doesn't have jurisdiction. So I'm granting the motion, [Pate's] motion. . . ." A written order to this effect was filed that same day.

Thereafter, on January 16, 2007, plaintiffs filed the affidavit of the deputy marshal who attempted the service on Pate, stating that Pate's mother led her to believe that she resided with Pate at that address. That affidavit, however, incorrectly stated that these events occurred on December 29, 2003.

By order of February 17, 2007, based on plaintiffs' motion for reconsideration of its order of December 18, 2006, the trial court concluded that material questions of fact remained with regard to service on Pate, granted Pate's motion for summary judgment on plaintiffs' claim for attorney fees and costs, and dismissed the action as to co-defendant Miller, who had never been served.[1]

Plaintiffs filed a motion for reconsideration of the dismissal of Miller, and Pate filed a motion for reconsideration of the denial of her motion for summary judgment or dismissal. By order of June 26, 2007, the trial court denied plaintiffs' motion and granted Pate's motion for reconsideration, concluding that it had incorrectly considered the deputy marshal's affidavit which had not been filed in compliance with OCGA § 9-11-56 (c).[2] The trial court then amended its February 15, 2007 order to grant Pate's motion for summary judgment.

1. Plaintiffs' enumerations of error B, C, and D allege error in the trial court's consideration of Pate's amendment and supplements to her original motion, which included affidavits. No motions to strike any of the affidavits were made below, nor were any other objections made to the pleadings to which they were appended.

> Objections to affidavits such as these will not be entertained for the first time on appeal where such affidavits were considered by the trial judge, without objection, in ruling on motions for summary judgment. *Bell v. Sellers*, 248 Ga. 424 (1) (283 SE2d 877) (1981); *Federal Ins. Co. v. Oakwood Steel Co.*, 126 Ga. App. 479 (191 SE2d 298) (1972).

*Chapman v. McClelland*, 248 Ga. 725, 726 (2) (286 SE2d 290) (1982).

2. To the extent that enumerations A and D can be read to assert legal error in the trial court's grant of Pate's motions, we will consider them.

Plaintiffs argue that, by filing a motion to dismiss their claim for attorney fees and costs after filing her answer, but failing to mention in this motion the failure of service, Pate waived that defense. This argument is without merit. As stated above, Pate raised lack of service, laches, and the statute of limitation as to the entire complaint in her answer.

OCGA § 9-11-12 (b) provides, in pertinent part, that

---

[1] It was alleged that Pate ran into plaintiffs' car and was then struck by Miller's car, causing a second impact with plaintiffs' car. Miller filed an answer raising the defenses of improper service, lack of personal jurisdiction, and expiration of the statute of limitation.

[2] That section provides: "(c) *Motion and proceedings thereon.* The motion shall be served at least 30 days before the time fixed for the hearing. The adverse party *prior to the day of hearing* may serve opposing affidavits." (Emphasis in original and supplied.)

[e]very defense, in law or fact, to a claim for relief in any pleading, . . . shall be asserted in the responsive pleading thereto if one is required, except that *the following defenses may, at the option of the pleader, be made by motion in writing: . . . (5) Insufficiency of service of process. . . .* A motion making any of these defenses shall be made before or at the time of pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion.

(Emphasis supplied.)

Therefore, the defense of lack of service having been raised in Pate's answer, it was properly before the trial court and was correctly addressed by it.

We now address plaintiffs' arguments that the trial court erred in its ruling that service on Pate was not sufficient.

Where an action is filed within the applicable limitation period but is not served upon the defendant within five days thereafter or within the limitation period, the plaintiff[s] must establish that [they] acted in a reasonable and diligent manner in attempting to insure that proper service was effected as quickly as possible; and if [they are] guilty of laches in this regard, service will not relate back to the time of filing of the complaint for the purpose of tolling the statute of limitation. The plaintiff has the burden of showing that due diligence was exercised. Ordinarily, the determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.

(Citation omitted.) *Neely v. Jones*, 271 Ga. App. 487, 488-489 (1) (610 SE2d 133) (2005).

Further, the plaintiffs must show that the failure to effectuate proper service as quickly as possible was not their fault. See *Sykes v. Springer*, 220 Ga. App. 388, 389 (1) (469 SE2d 472) (1996). Once Pate filed an answer on January 30, 2006, asserting insufficient service of process as a defense, plaintiffs became obligated to exercise the "greatest possible diligence" in effecting service. See *Green v. Cimafranca*, 288 Ga. App. 16, 17-18 (1) (653 SE2d 782) (2007); *Davis v. Bushnell*, 245 Ga. App. 221, 222 (537 SE2d 477) (2000).

Here, nothing was put forward by plaintiffs to explain their lack of diligence in effecting service except the late filed affidavit of the

deputy marshal. We cannot say that the trial court abused its discretion in finding that plaintiffs did not exercise the greatest possible diligence in serving Pate once she filed her answer and the statute of limitation expired. *Green v. Cimafranca*, supra.

*Judgment affirmed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED JUNE 4, 2008.

*Bobby-Thompson C. Aniekwu*, for appellants.

*Shur, McDuffie & Morgan, Bryan M. Hausner, Greer, Klosik, Daugherty, Swank & McCune, Alina A. Krivitsky*, for appellee.