## A09A0311. AKUOKO v. MARTIN.
(680 SE2d 471)

DOYLE, Judge.

On February 29, 2008, Yaw Akuoko filed a complaint against Debra Martin seeking to recover for personal injuries she allegedly sustained in an automobile accident that occurred on March 6, 2006. Martin was not served with the complaint until March 19, 2008, and she subsequently filed a motion for summary judgment, or, in the alternative, to dismiss, based in part upon Akuoko's failure to serve her within the applicable statute of limitation.[1] The trial court granted Martin's motion, finding that the late service constituted laches on the part of Akuoko, and this appeal followed. We affirm, finding no abuse of discretion.

1. When a complaint is filed within the statute of limitation, but service is not made within five days or within the period of limitation,

> the plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to [e]nsure

---

[17] (Citations and punctuation omitted.) *Godfrey v. State*, 274 Ga. App. 237, 240 (1) (d) (617 SE2d 213) (2005).

[1] Martin also sought summary judgment based on Akuoko's failure to timely respond to

that proper service is made as quickly as possible. Once the plaintiff becomes aware of a problem with service, however, his duty is elevated to an even higher duty of the greatest possible diligence to ensure proper and timely service.[2]

"The trial court has discretion to determine whether a plaintiff has exercised sufficient diligence to effect service after the running of the statute of limitation, and we will not disturb the court's decision absent an abuse of that discretion."[3]

Here, Akuoko filed her complaint on February 29, 2008, and the statute of limitation expired no later than March 6, 2008.[4] Martin was served on March 19, 2008, 13 days after the statute of limitation expired. In opposing Martin's motion, Akuoko relied upon her affidavit averring that after she paid the sheriff's department to serve Martin and provided them with what ultimately proved to be Martin's correct address, she and her attorney called the sheriff's department "repeatedly to inquire about the status of the service, and [they] were told on at least three occasions that no one at Debra Martin's residence had answered the door; and that the [s]heriff's [department] . . . would keep trying." The trial court found that Akuoko's affidavit was insufficient to prove that she acted diligently in obtaining service because she failed to specify therein when she first became aware of the sheriff's initial unsuccessful attempt to serve Martin, or when or how many times she contacted the sheriff's department thereafter. Thus, the trial court found that Akuoko was guilty of laches in failing to exercise due diligence to effect service in a timely manner.

Under the facts of this case, we cannot say that the trial court abused its discretion in reaching this conclusion. Akuoko "bore the burden of proving that [she] obtained service as quickly as possible after the expiration of the limitation period. As the burden rests on [the] plaintiff[ ] to ensure diligent service, [she] must provide specific dates or details to show diligence and cannot rely on conclusory statements."[5] Here, Akuoko's affidavit provides no details whatsoever regarding the timing of her contact with the sheriff's depart-

---

requests for admissions. The trial court did not rule on this basis, however, and therefore the issue is not relevant to this appeal.

[2] (Citation and punctuation omitted.) *Harris v. Johns*, 274 Ga. App. 553, 554 (618 SE2d 1) (2005); but see *Duffy v. Lyles*, 281 Ga. App. 377, 378 (636 SE2d 91) (2006) (discussing split of authority over whether plaintiff must exercise greatest possible diligence from the point at which she first learns of a problem with service or from the point at which defendant has made an appearance in court raising a service defense).

[3] (Footnote omitted.) *Baxley v. Baldwin*, 279 Ga. App. 480, 482-483 (3) (631 SE2d 506) (2006).

[4] See OCGA § 9-3-33 (the statute of limitation for personal injury actions is two years).

[5] (Citation and punctuation omitted.) *Parker v. Silviano*, 284 Ga. App. 278, 280 (1) (643

ment or the information provided to her by the department regarding its attempts to serve Martin. "The lack of such evidence in this case authorized the trial court to find that [Akuoko] failed to meet this burden."[6]

Akuoko compares her case to *Lee v. Kim*,[7] wherein the plaintiff provided the sheriff's department with the complaint and summons to serve the defendant the day before the statute of limitation expired, and the sheriff did not serve the defendant until 11 days after the running of the statute of limitation.[8] The trial court concluded that the plaintiff was guilty of laches and dismissed the case, and we reversed, concluding that the plaintiff

> did all that was required of him when he supplied the sheriff's [department] with the correct service address for [the defendant] with the filing of the complaint. Accordingly, he was similarly justified in relying on the sheriff to perform his duty to serve process within five days of receiving the process papers.[9]

However, we also specifically noted that the plaintiff had no notice of any problem in perfecting service.[10] In contrast, here Akuoko was advised on at least three occasions that the sheriff's office had attempted to serve Martin and been unsuccessful.[11] Thus, *Lee* is distinguishable. *Jackson v. Nguyen*,[12] upon which Akuoko also relies, is similarly inapposite.

We are mindful of the apparent inequity between the result we reach in the instant case when compared to the results reached in *Lee* and *Jackson*. On its face, it appears unjust to uphold the trial court's order granting summary judgment to Akuoko when she took affirmative steps to contact the sheriff's department to inquire about service on the defendant, given that we reversed the dismissals in *Lee* and *Jackson* where the plaintiffs failed to communicate with the

---

SE2d 819) (2007); *Harris*, 274 Ga. App. at 554-555 (no abuse of discretion in granting summary judgment to defendant because plaintiff failed to show that he took any steps to perfect service after the expiration of the statute of limitation once he learned that the sheriff's attempts at service had been unsuccessful).

[6] *Parker*, 284 Ga. App. at 280 (1).

[7] 275 Ga. App. 891 (622 SE2d 99) (2005).

[8] See id.

[9] Id. at 893.

[10] See id. at 894.

[11] We note that there is no evidence to suggest that Martin was attempting to evade service.

[12] 225 Ga. App. 599 (484 SE2d 337) (1997) (trial court abused its discretion in dismissing plaintiff's complaint based on untimely service because plaintiff was unaware of the sheriff's unsuccessful attempts to serve defendant).

sheriff's departments to ensure that the defendants were timely served. Here, though, it was Akuoko's failure to provide details regarding the timing or contents of her conversations with the sheriff's department that authorized the trial court, in its exercise of discretion, to conclude that she failed to demonstrate the required diligence to perfect service once she was on notice that the sheriff had made multiple unsuccessful attempts to serve Martin. Given the particular facts of this case and the standard of review, which requires that we uphold the trial court's ruling absent an abuse of discretion, we affirm the trial court's grant of summary judgment to Martin.[13]

2. Akuoko also argues that the trial court erred in granting Martin's motion to dismiss, or in the alternative, for summary judgment without an evidentiary hearing. This enumeration is without merit. Pursuant to Uniform Superior Court Rule 6.3, all civil motions "shall be decided by the court without oral hearing." With regard to motions for summary judgment, the rule specifically provides that a hearing shall be permitted only if a party makes a written request therefor within a certain time period.[14] But Akuoko did not make a written request for a hearing, and therefore the trial court was not required to conduct a hearing.[15]

3. Martin's motion to dismiss this appeal is denied as moot. We also deny Martin's request for frivolous appeal sanctions against Akuoko pursuant to Court of Appeals Rule 15 (b).

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JUNE 16, 2009.

*Ebun A. Aforo*, for appellant.
*Alycia Foggs-Anderson*, for appellee.

---

[13] See *Parker*, 284 Ga. App. at 280 (1); *Montague v. Godfrey*, 289 Ga. App. 552, 555 (1) (657 SE2d 630) (2008); *Harris*, 274 Ga. App. at 554-555.

[14] See USCR 6.3.

[15] See *Parker*, 284 Ga. App. at 280 (1); *Fluke v. Westerman*, 271 Ga. App. 418, 423 (3) (609 SE2d 744) (2005). Compare *Parker v. Shreve*, 244 Ga. App. 350 (535 SE2d 332) (2000) (physical precedent only) (holding that trial court abused discretion in dismissing complaint served 12 days after statute expired, where plaintiff provided details regarding efforts to perfect service).