**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 25, 2014**

# In the Court of Appeals of Georgia

A13A2219. HARLEM v. WILLIAMS et al.

BARNES, Presiding Judge.

Ciara Harlem appeals from the trial court's order dismissing her complaint on the grounds of failure to exercise due diligence in perfecting service upon appellees, Charles B. Williams, Easter Williams, and "John Doe," after the running of the statute of limitation. We review a trial court's dismissal of a complaint on these grounds for an abuse of discretion. *Jones v. Brown*, 299 Ga. App. 418, 418-419 (683 SE2d 76) (2009). Because we determine that the trial court did not abuse its discretion in dismissing the complaint, we affirm.

As an initial matter, we note Harlem's appellate brief is not numbered nor are the facts set forth in the brief supported with citations to the record. Pursuant to Court of Appeals Rule 25 (a) (1), "[r]ecord and transcript citations shall be to the volume or part of the record or transcript and the page numbers that appear on the appellate

record or transcript as sent from the trial court." With this, we further note that it is not our job to cull the record on behalf of a party, and given the shortcomings of Harlem's brief, we would be within our authority to dismiss the appeal. See Court of Appeals Rule 7 ("Breach of any rule of the Court of Appeals … may subject the appeal to dismissal."). However, given the sparseness of the appellate record, we are able to address Harlem's enumerations of error.

On or about November 10, 2010, Harlem was injured by a vehicle owned by Charles Williams, insured by Easter Williams, and driven by unidentified man, who apparently fled the scene of the accident. On November 13, 2012, Harlem timely filed a complaint for damages.[1] On November 16, 2012, service was attempted on Charles and Easter Williams at a Stone Mountain address by the Dekalb County Marshal's office, but the officer noted that he could "hear someone walk to [the] door. but he or she was "refusing to open [the] door and accept service." On January 14, 2013, the Williams filed an answer in which they alleged, among other things, that service had not been perfected. On January 28, 2013, Easter Williams, acting pro se, filed another answer in which there was no alleged service defense.

---

[1] The trial court found that the complaint had been timely filed because November 12, 2012 was a holiday.

On March 26, 2013, the Williams filed a motion to dismiss, alleging lack of service and the expiration of the statute of limitations. Thereafter, on April 8, 2013, Harlem filed a response to the motion to dismiss, in which she alleged that the "Dekalb County Police Department" had unsuccessfully made several attempts to serve the Williams but they were "evading service," and that she had hired a private process server who had successfully served the Williams on January 19, 2013. The affidavit of the process server was attached to the response, as was a January 20, 2013 email in which he stated that he had served the Williams by leaving a copy of the summons and complaint with their adult son at their home on January 19, 2013.

On May 23, 2013, the trial court entered an order granting the Williams' motion to dismiss. The trial court found that the action was timely filed, the defense of insufficiency of service was not waived, and that when service is made outside the limitation period, as here, the plaintiff has the burden of showing that due diligence was exercised. Citing *Swain v. Thompson*, 281 Ga. 30, 32 (2) (635 SE2d 779) (2006), the trial court also found that once Harlem became aware of a problem with service in November of 2012, her "duty [was] elevated to an even higher duty of the greatest possible diligence to ensure proper and timely service." The trial court further noted that it was still unclear whether service had been made on the Williams because there

3

was no indication that the son lived with his parents at the address they were served pursuant to OCGA § 9-11-4 (e) (7).[2]

Harlem argues that the trial court abused its discretion in finding that she failed to exercise the required level of due diligence in perfecting service without a hearing. We disagree.

There is no merit to Harlem's contention that the trial court should have held a hearing before dismissing her complaint. Harlem did not request a hearing, and Superior Court Rule 6.3 clearly provides that unless the trial court orders otherwise, with the exception of motions for new trial and judgment notwithstanding the verdict, all civil motions "shall be decided by the court without oral hearing." Id

Regarding its finding that she did not exercise the requisite due diligence in serving the Williams,

> [w]hen a complaint is filed within the statute of limitation, but service is not made within five days or within the period of limitation, the plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to ensure that proper service is made as

---

[2] "Service shall be made by delivering a copy of the summons attached to a copy of the complaint . . . to the defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." OCGA § 9-11-4 (e) (7).

quickly as possible. *Once the plaintiff becomes aware of a problem with service*, however, [her] duty is elevated to an even higher duty of the greatest possible diligence to ensure proper and timely service. The plaintiff must provide specific dates or details to show diligence. Whether the plaintiff met that burden was a question of fact for the trial court's determination that will not be overturned absent an abuse of discretion.

(Footnotes omitted; emphasis supplied.) *Scanlan v. Tate Supply Co.*, 303 Ga. App. 9, 11 (b) (692 SE2d 684) (2010).

While Harlem contends that she did not learn of the marshal's failed attempt at service until "the latter part of December 2012," the record shows that the marshal filed the return of service with the trial court clerk on November 20, 2012. Considering that the statute of limitations had run, Harlem had a duty thereafter to ensure that service was made as quickly as possible. *Scanlan v. Tate Supply Co.*, 303 Ga. App. at 11.

Harlem relies solely on the affidavit of her private process server showing notorious service to the Williams' son over two months after the failed service attempt in November of 2012. There are no other indications of any efforts she engaged in to perfect service during those two months despite suspecting that the Williams might be attempting to evade service. There are no specific details or dates

5

to show continued diligence during the ensuing period until after the motion to dismiss was filed, when Harlem produced the affidavit showing that she had hired a private process server. "A plaintiff must provide specific dates or details to show diligence and cannot rely on conclusory statements." (Citation omitted.) *Wells v. Drain Doctor*, 274 Ga. App. 127, 128 (616 SE2d 880) (2005).

In this case, the trial court did not abuse its discretion in determining that Harlem failed to exercise the required level of due diligence in attempting to perfect service of her complaint.

*Judgment affirmed. Miller and Ray, JJ., concur.*