**THIRD DIVISION
BARNES, P. J.,
BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 7, 2014**

# In the Court of Appeals of Georgia

A14A0357. CALLAWAY v. GOODWIN.

BRANCH, Judge.

Estelle Carroll Callaway sued Harmony Lynn Goodwin for injuries arising from a car accident that took place on August 10, 2010.[1] Callaway filed suit on August 7, 2012, three days before the statute of limitation expired, and the Walton County Sheriff's Office perfected service on August 22, 2012. Goodwin subsequently moved to dismiss Callaway's action based on the fact that she had been served after the limitation period had expired, and asserting that Callaway had failed to act diligently to ensure service in a timely fashion. The trial court granted that motion, and Callaway now appeals, arguing that the factual finding on which the trial court based its

---

[1]Callaway also sued Jonathan Lee Davis, but he was never served and she does not appeal the dismissal of her suit against him.

decision is unsupported by the record, and that the trial court therefore abused its discretion in dismissing her case. We agree with Callaway, and we therefore reverse.

"When a complaint is filed within the statute of limitation, but service is not made within five days or within the period of limitation, the plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to ensure that proper service is made as quickly as possible." *Akuoko v. Martin*, 298 Ga. App. 364 -365 (1) (680 SE2d 471) (2009) (punctuation and footnote omitted). "The trial court has discretion to determine whether a plaintiff has exercised sufficient diligence to effect service after the running of the statute of limitation, and we will not disturb the court's decision absent an abuse of that discretion." Id. at 365 (1) (punctuation and footnote omitted).

Callaway filed her complaint for personal injury on August 7, 2012. With her complaint, Callaway filed a properly addressed summons for Goodwin and a check for the service fee to obtain service through the Sheriff. The two-year statute of limitation expired on August 10, 2012, three days after Callaway filed suit. The Walton County Sheriff perfected service on Goodwin twelve days later, on August 22, 2012.

2

After the case had been pending for six months, Goodwin filed a motion to dismiss. Goodwin alleged that, because service was not perfected within either the statute of limitation or the five-day grace period available under OCGA § 9-11-4 (c),[2] Callaway was required to prove that she had used due diligence in serving Goodwin, but that Callaway had failed to do so. Callaway disputed this assertion, pointing to the fact that she had filed a properly addressed summons and tendered the service fee at the same time she filed her complaint. The trial court held a hearing on the motion to dismiss and issued an order granting Goodwin's motion on August 13, 2013. In its order of dismissal, the trial court found that Callaway had paid "the filing fees *only*," and not the service fee, at the time she filed the Complaint and summons (emphasis in original). The trial court therefore held that Callaway's lack of diligence had contributed to the delay in service on Goodwin and dismissed her lawsuit. This appeal followed.

---

[2] OCGA § 9-11-4 (c) provides, in relevant part: "Process shall be served by: (1) The sheriff of the county where the action is brought . . . within five days from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate a later service." "[T]he Supreme Court has clarified that OCGA § 9-11-4(c) imposes a five-day burden on the process server, not the plaintiff." *Jackson v. Doe*, 243 Ga. App. 210, 211 (532 SE2d 761) (2000) (citing *Ga. Farm &c. Ins. Co. v. Kilgore*, 265 Ga. 836, 838 (462 SE2d 713) (1995)).

The undisputed factual record in this case shows that Callaway did in fact pay the filing fees when she filed the properly addressed summons to be served upon Goodwin. In her response to Goodwin's motion to dismiss, Callaway presented the trial court with a copy of the $50.00 check for the service fee, made payable to "Sheriff of Walton County, Georgia" and dated July 31, 2012, and a copy of her attorney's bank statement, showing that the check cleared his bank on August 30, 2012. Goodwin has not disputed this evidence.

Apart from its unsupported finding that Callaway failed to pay the filing fees, the trial court provided no further justification for its conclusion that Callaway lacked due diligence in serving Goodwin, nor does the record show any. Where a plaintiff has elected to serve a defendant via the sheriff's office, has provided the sheriff with a properly addressed summons, and has received no notice of a problem with service, this Court has held that reliance on the sheriff to perfect service in a timely manner is not, by itself, a reason to find that due diligence was lacking. *Jackson v. Nguyen*, 225 Ga. App. 599 (484 SE2d 337) (1997) (holding that the plaintiff "should not be

4

penalized for reasonably relying upon the sheriff to fulfill his duty to serve properly addressed process papers" ) (citations omitted).[3]

As the foregoing demonstrates, the trial court's order of dismissal was based upon an unsupported factual finding. Accordingly, we reverse that order.

*Judgment reversed. Barnes, P. J., and Boggs, J., concur.*

---

[3] Once the plaintiff becomes aware of a problem with service, "his duty is elevated to an even higher duty of the greatest possible diligence to ensure proper and timely service." *Akuoko*, 298 Ga. App. at 365 (footnote omitted). However, Goodwin has pointed to no evidence that Callaway was notified of any problem with service, so cases involving the "greatest possible diligence" standard are distinguishable. In *Ziegler v. Hambrick*, 257 Ga. App. 356 (571 SE2d 418) (2002), cited by Goodwin, the plaintiff knew the marshal's office was having trouble serving the defendant due to a heavy workload, but the plaintiff failed to provide evidence that she took any steps to ensure timely service. Id. at 357. The defendant was served 21 days after the plaintiff filed her renewal action, and ten days after the renewal period expired. Id. at 356. This Court found that the trial court did not abuse its discretion when it granted the defendant's motion to dismiss. Id. at 357. Cases involving improperly addressed summonses are similarly inapplicable because Callaway provided the sheriff with the proper address to serve Goodwin. See *Parker v. Silviano*, 284 Ga. App. 278 (643 SE2d 819) (2007) (plaintiffs supplied process server with an incorrect address and failed to set forth any evidence supporting their claim of due diligence).