**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 5, 2014**

# In the Court of Appeals of Georgia

A14A1276. GILES v. STATE FARM MUTUAL INSURANCE COMPANY.

BOGGS, Judge.

James Giles appeals from the trial court's order granting State Farm Mutual Insurance Company's ("State Farm") motion to dismiss based upon Giles' failure to diligently serve his renewal action upon State Farm, his uninsured motorist carrier. For the reasons explained below, we overrule Georgia Court of Appeals cases that incorrectly state how the grace period for service provided by OCGA § 9-11-4 (c) should be calculated. Application of the correct law, as clarified by this opinion, requires us to reverse the trial court's order of dismissal.

The record shows that this case arises out of an automobile accident that occurred on June 3, 2005. On May 30, 2007, James Giles filed suit in Fulton County Superior Court against John Doe, the operator of a stolen vehicle that collided with

Giles' vehicle. The same day, the Fulton County clerk issued a summons for State Farm. State Farm's registered agent was located in Cobb County. The Cobb County Sheriff's Office received the second original complaint and summons on May 31, 2007, and served State Farm on June 4, 2007. On November 7, 2011, Giles voluntarily dismissed his complaint without prejudice.

On Monday April 30, 2012, Giles filed a renewed complaint pursuant to OCGA § 9-2-61 (c). The clerk issued a summons the same day, and the Cobb County Sheriff's Office file-stamped receipt of an entry of service form on May 7, 2012. This form states that the sheriff's office served "a copy of the within action and summons" on May 9, 2012.

State Farm moved to dismiss the renewed action on the ground that it was served "after the expiration of the statute of limitations and beyond the six (6) month renewal period." Following a hearing, the trial court granted the motion based upon its conclusion that the five-day grace period for service "runs from the date a plaintiff files an action and receives the summons and complaint from the clerk." As the complaint was served more than five days after the renewal action was filed, the trial court concluded that Giles had the burden of showing due diligence to perfect service as quickly as possible. The trial court also found that the plaintiff is responsible for

2

delivery of the complaint and summons to the sheriff after receipt of the complaint and summons. Based upon Giles' failure to offer an explanation for the delay in delivery of the complaint and summons to the Cobb County Sheriff's Office, the trial court determined that he had failed to meet his burden of showing diligence and granted State Farm's motion to dismiss.

The trial court's decision is premised upon the following legal conclusions: (1) that the person making service refers to the party filing the action, and (2) that the five-day grace period begins to run from the time the complaint is filed and the summons is issued. We must therefore examine each of these issues in turn.

1. The starting point for our analysis is the origin of the five-day grace period for service. In *Hilton v. Maddox &c. Contractors, Inc.*, 125 Ga. App. 423 (188 SE2d 167) (1972), we noted that before the enactment of the Civil Practice Act, Georgia courts held: "If the filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of filing of the petition and the date of service, the service will relate back to the time of filing so as to avoid the limitation." (Citations and punctuation omitted.) Id. at 425 (1). See also *Ga. Farm Bureau. Mut. Ins. Co. v. Kilgore*, 265 Ga. 836, 837 (462 SE2d 713) (1995) (citing *Hilton* for same proposition). We then concluded

3

that this rule continues under the Civil Practice Act. It is provided by § 81A-103 that a civil action is commenced by the filing of a complaint, and under §81A-104 provision is made for the issuance and service of process – the service to be made within five days from the time of receiving the summons and complaint, although failure to make it within the five days will not invalidate a later service.

125 Ga. App. at 426 (1).

The current version of former OCGA § 81A-104 can be found in OCGA § 9-11-4 (c), which provides: "When service is to be made within this state, the person making such service shall make the service within five days from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate a later service." In this case, the trial court concluded that "the reference in 9-11-4 (c) to 'the person making such service' refers to the party filing the action – not the person or entity who performs the physical act of serving the pleadings on a plaintiff's behalf." It reasoned that the sheriff is merely acting as the plaintiff's agent in performing the plaintiff's duty to timely serve an action.

We disagree with this interpretation. In *Kilgore*, supra, the Supreme Court held that "OCGA § 9-11-4 (c) provides a time frame for performance *by the process server* once service is sought, but does not provide a time limit within which service must

4

be initiated by the plaintiff." (Emphasis supplied.) 265 Ga. at 837. See also *Callaway v. Goodwin*, 327 Ga. App. 875 ( SE2d ) (2014). Additionally, in *Scoggins v. State Farm Mut. Automobile Ins. Co.*, 156 Ga. App. 408 (274 SE2d 775) (1980), we noted that "the pertinent process statutes place sole responsibility on the clerk to issue the necessary copies of the complaint and summons to the sheriff or marshal to accomplish service" and that "[t]he Fulton County clerk was also authorized [by statute] to issue and transmit a second original and copy of the complaint and summons to the DeKalb County [s]heriff for service of process." Id. at 410. We then concluded in *Scoggins* that the clerk's conduct in providing the summons and complaint to the sheriff one day after the complaint was filed "indicates no lack of diligence on the part of the plaintiffs."

The current process statutes continue to place responsibility on the clerk to transmit the summons and complaint for service. OCGA § 9-11-4 (a) states: "Upon the filing of the complaint, the clerk *shall* forthwith issue a summons and *deliver* it for service." (Emphasis supplied.) OCGA § 9-10-72 provides: "If the defendant or any of the defendants reside outside the county where the action is filed, the clerk *shall* issue a second original and copy for such other county and *forward* the same to the sheriff, who shall serve the copy and return the second original, with his entry

5

thereon, to the clerk of the court from which the same was issued." (Emphasis supplied.)

Based on these statutes governing service and the Supreme Court's decision in *Kilgore*, "the person making such service" in OCGA § 9-11-4 (c) should not, as a matter of law, be deemed to be the party filing the action. If the General Assembly had intended the five-day period to begin running from the time the complaint and summons are issued, rather than the time of receipt by the person making service, it could have so stated. Instead, it created a rule obligating "the person making such service" to do so "within five days from the time of receiving the summons and complaint."

2. With this understanding of the person making service under OCGA § 9-11-4, we turn to our law governing calculation of the five-day grace period to effect service.

As outlined above, the general rule should be properly stated as follows: "If the filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the petition and the date of service, the service will relate back to the time of filing so as to avoid the limitation." *Hilton*, supra, 125 Ga. App. at 425 (1). See also *Kilgore*, supra, 265

6

Ga. at 837; *Humble Oil & Refining Co. v. Fulcher*, 128 Ga. App. 606, 609 (3) (197 SE2d 416) (1973); *Webb v. Murphy*, 142 Ga. App. 649, 650 (236 SE2d 840) (1977). Therefore, if service is made within the five-day[1] grace period allowed by OCGA § 9-11-4 (c), it relates back to the date the complaint was filed as a matter of law. See *Williams v. Colonial Ins. Co.*, 199 Ga. App. 760 (406 SE2d 99) (1991). See also *Milton v. Goins*, 309 Ga. App. 865, 866 (1) (711 SE2d 415) (2011) (plaintiff bears burden of proving lack of fault when service is not timely perfected as required by law). And "[w]here a complaint is filed near the statute of limitation and service is made after the statute expires and after the five-day safe harbor provision contained within OCGA § 9-11-4 (c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service." (Citation and punctuation omitted.) *Moody v. Gilliam*, 281 Ga. App. 819, 820 (637 SE2d 759) (2006). See also *Parker v. Silviano*, 284 Ga. App. 278, 279 (643 SE2d 819) (2007).

---

[1] We note that OCGA § 1-3-1 (d) (3), which provides that weekends and holidays are not counted when an action must be taken in less than seven days, applies to this five-day grace period. See *Cleveland v. Katz*, 311 Ga. App. 880, 883 (1) (717 SE2d 500) (2011); *Williams v. Colonial Ins. Co. &c.*, 199 Ga. App. 760 (406 SE2d 99) (1991).

Over time, however, this court has issued decisions unintentionally changing the meaning of the general rule with regard to how the grace period should be calculated. While we reached the proper result based upon the particular facts before us in those decisions, our alteration of the rule could cause error in a case like this where the time frame between filing, receipt of the summons and complaint by the person making service, the expiration of the statute of limitation, and the date of service is very short.

In *Bible v. Hughes*, 146 Ga. App. 769 (247 SE2d 584) (1978), we paraphrased the general rule and unwittingly changed it as follows: "Where the statute of limitation accrues between the date of filing and the date of service, whether or not it relates back (*if the service is more than five days after the filing*) depends on the length of time and the diligence used by the plaintiff." (Emphasis supplied.) Id. at 770 (2). In *Bowman v. United States Life Ins. Co.*, 167 Ga. App. 673 (307 SE2d 134) (1983), we inadvertently made the following similar change:

> The statute of limitation is tolled by the commencement of a civil action at law. OCGA § 9-11-4 (c) (Code Ann. §81A-104) requires that service of a complaint shall be made within five days of the *filing of the complaint*. If an action is filed within the period of limitation, but not served upon the defendant within five days or within the limitation period, plaintiff must establish that service was made in a reasonable

8

and diligent manner in an attempt to insure that proper service is made as quickly as possible.

(Emphasis supplied.) Id. at 676 (13).

After these decisions, numerous others have incorrectly stated that the plaintiff must serve the defendant within five days of the filing of the complaint rather than receipt of the summons and complaint by the person making service.[2]

[2] See *Callaway*, supra ; *Harlem v. Williams*, 326 Ga. App. 526, 527-528 (757 SE2d 149) (2014) ; *Walker v. Culpepper*, 321 Ga. App. 629, 630 (742 SE2d 144) (2013) ; *Cleveland*, supra, 311 Ga. App. at 884 (2) (while correctly stating rule in one place in opinion, other portion misstates the rule) ; *Milton v. Goins*, 309 Ga. App. 865, 866-867 (2) (711 SE2d 415) (2011) ; *Moreno v. Naylor*, 305 Ga. App. 504, 505 (1) (699 SE2d 838) (2010) , overruled in part on other grounds, *Ragan v. Mallow*, 319 Ga. App. 443, 447 (2) (744 SE2d 337) (2012); *Scanlan v. State Supply Co.*, 303 Ga. App. 9, 11 (b) (692 SE2d 684) (2010) ; *Akuoko v. Martin*, 298 Ga. App. 364 (1) (680 SE2d 471) (2009) ; *Atcheson v. Cochran*, 297 Ga. App. 568, 569 (677 SE2d 749) (2009) *;* *Abimbola v. Pate*, 291 Ga. App. 769, 771 (2) (662 SE2d 840) (2008) ; *Montague v. Godfrey*, 289 Ga. App. 552, 554 (1) (657 SE2d 630) (2008) (physical precedent only) ; *Green v. Cimafranca*, 288 Ga. App. 16, 17 (1) (653 SE2d 782) (2007) ; *B&B Quick Lube, Inc. v. G&K Svcs. Co.*, 283 Ga. App. 299, 301 (641 SE2d 198) (2007) ; *Duffy v. Lyles*, 281 Ga. App. 377 (636 SE2d 91) (2006) ; *Patterson v. Lopez*, 279 Ga. App. 840, 842 (2) (632 SE2d 736) (2006) ; *In the Interest of A. H.*, 279 Ga. App. 77, 81 (2) (630 SE2d 587) (2006) ; *Tenet Healthcare Corp v. Gilbert*, 277 Ga. App. 895, 903 (5) (627 SE2d 821) (2006) ; *Lee v. Kim*, 275 Ga. App. 891, 892 (622 SE2d 99) (2005) ; *Wells v. The Drain Doctor, Inc.*, 274 Ga. App. 127, 128 (616 SE2d 880) (2005) ; *Neely v. Jones*, 271 Ga. App. 487, 488 (1) (610 SE2d 133) (2005) *Feinour v. Ricker Co.*, 269 Ga. App. 508, 510 (604 SE2d 588) (2004) ; *Poteate v. Rally Mfg*, 260 Ga. App. 34, 36 (4) (579 SE2d 44) (2003) ; *Carmody v. Hill*, 248 Ga. App. 437, 438 (546 SE2d 545) (2001) ; *Busby v. Webb,* 247 Ga. App. 781, 782 (545 SE2d 132) (2001) ; *Heard v. Hart*, 241 Ga. App. 441, 443 (526 SE2d

908) (1999) ; *Pringle v. Jaganauth*, 240 Ga. App. 65-66 (2) (522 SE2d 560) (1999) , overruled in part on other grounds, *Farrie v. McCall*, 256 Ga. App. 446 (568 SE2d 603) (2002); *Bailey v. Lawrence*, 235 Ga. App. 73, 77-78 (2) (508 SE2d 450) (1998) , overruled in part on other grounds, *Ragan*, supra; *Wade v. Whalen*, 232 Ga. App. 765 (1) (504 SE2d 456) (1998) ; *Wilson v. Ortiz*, 232 Ga. App. 191, 192 (1) (a) (501 SE2d 247) (1998) ; *Waits v. Gil*, 232 Ga. App. 186, 187 (501 SE2d 303) (1998) ; *Flemister v. Hopko*, 230 Ga. App. 93, 94 (2) (495 SE2d 342) (1998) ; *Heis v. Young*, 226 Ga. App. 739, 741 (5) (487 SE2d 403) (1997) ; *Patterson v. Johnson*, 226 Ga. App. 396, 397 (486 SE2d 660) (1997) ; *Jackson v. Nguyen*, 225 Ga. App. 599, 600 (484 SE2d 337) (1997) ; *Walker v. Bord*, 225 Ga. App. 242, 243 (483 SE2d 675) (1997) ; *Jones v. Isom*, 223 Ga. App. 7, 8 (1) (477 SE2d 139) (1996); ; *Mann v. Atlanta Cas. Co.*, 215 Ga. App. 747, 749 (452 SE2d 130) (1994) ; *People v. State Farm Mut. Auto. Ins. Co.*, 211 Ga. App. 55, 56 (438 SE2d 167) (1993) ; *Traver v. McKnight*, 208 Ga. App. 278, 279 (430 SE2d 164) (1993) ; *Douglas v. Woon*, 205 Ga. App. 355, 356 (1) (422 SE2d 61) (1992) , overruled in part on other grounds, *Ragan*, supra; *Babb v. Cook*, 203 Ga. App. 437, 439-440 (2) (417 SE2d 63) (1992) , overruled in part on other grounds, *Farrie*, supra; *Collier v. Marsh*, 203 Ga. App. 322, 323 (2) (416 SE2d 849) (1992) ; *Starr v. Wimbush*, 201 Ga. App. 280, 281 (2) (410 SE2d 776) (1991) , overruled in part on other grounds, *Ragan*, supra; *Bennett v. Matt Gay Chevrolet Oldsmobile*, 200 Ga. App. 348, 349 (1) (408 SE2d 111) (1991) ; *Capra v. Rogers*, 200 Ga. App. 131, 134 (3) (407 SE2d 101) (1991) ; *Williams v. Colonial Ins. Co.*, 199 Ga. App. 760 (406 SE2d 99) (1991) ; *Dunson v. Cooper*, 199 Ga. App. 513 (405 SE2d 332) (1991) ; *Day v. Burnett*, 199 Ga. App. 494, 495 (1) (405 SE2d 316) (1991) ; *Smith v. Winn*, 198 Ga. App. 459 (1) (402 SE2d 79) (1991) ; *Ennis v. Bradshaw*, 197 Ga. App. 744, 745 (399 SE2d 493) (1990) ; *Pickens v. Nationwide Mut. Ins. Co.*, 197 Ga. App. 550, 551 (398 SE2d 792) (1990) ; *Green v. Young*, 197 Ga. App. 101 (397 SE2d 509) (1990) ; *Anderson v. Hughes*, 196 Ga. App. 186, 187 (1) (395 SE2d 623) (1990) ; *Shears v. Harris*, 196 Ga. App. 61 (395 SE2d 300) (1990) ; *Land v. Casteel*, 195 Ga. App. 455, 456 (393 SE2d 710) (1990) ; *Robinson v. Stuck*, 194 Ga. App. 311, 312 (1) (390 SE2d 603) (1990) ; *Davis v. Johnson*, 193 Ga. App. 19, 21 (1) (386 SE2d 900) (1989) ; *Day v. Burnett*, 189 Ga. App. 905, 906 (377 SE2d 734) (1989) ; *Garrett v. Godby*, 189 Ga. App. 183, 185 (3) (375 SE2d 103) (1988) ; *Ellerbee v. Interstate Contract Carrier Corp.*, 183 Ga. App. 828, 830 (2) (b) (360 SE2d 280) (1987) ; *Brumbalow v. Fritz*, 183 Ga. App. 231, 232

While theoretically, the five-day grace period could begin running on the same day the complaint is filed when the clerk provides the summons and complaint to the person making service on the same day, the date of filing is not always the start date for the five-day grace period.

In *Parker v. Shreve*, 244 Ga. App. 350 (535 SE2d 332) (2000) (physical precedent only), the rule was restated in yet another way.

> When a complaint is filed within the applicable statute of limitation but service is perfected *more than five days after the statute of limitation expires*, the service relates back to the original filing only if the plaintiff shows that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible.[3]

---

(2) (358 SE2d 872) (1987) ; *Brim v. Pruitt*, 178 Ga. App. 321, 323 (342 SE2d 690) (1986) (physical precedent only) ; *Siler v. Johns*, 173 Ga. App. 692, (327 SE2d 810) (1985) (physical precedent only) ; *Brumit v. Mull*, 165 Ga. App. 663, 665 (3) (302 SE2d 408) (1983) , overruled on other grounds, *Brent v. Hin*, 254 Ga. App. 77 (561 SE2d 212) (2002); *Scoggins v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 408, 410 (274 SE2d 775) (1980) .

[3] In support of this statement in *Parker*, we cited *Childs v. Catlin*, 134 Ga. App. 778 (216 SE2d 360) (1975). In *Childs*, we cited *Hilton*, supra, and properly stated the rule as follows: "If the filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the petition and the date of service, the service will relate back to the time of filing so as to avoid the limitation." *Childs*, 135 Ga. App. at 780.

(Citation and punctuation omitted; Emphasis supplied.) Id. at 351. Because service in *Parker* was made 12 days after the statute of limitation expired, we did not apply the newly stated rule that diligence need not be shown if service is made within five days of the expiration of the statute of limitation. Instead, we concluded that the trial court erred in dismissing the complaint because the record showed that the plaintiff was diligent in perfecting service. Our decision in that case appears to have resulted in additional decisions misstating the general rule, but reaching the correct result because service took place more than five days after the expiration of the limitation period and receipt of the summons and complaint.[4]

In order to clarify this area of the law, we hereby overrule *Bible*, supra, *Bowman*, supra, *Parker v. Shreve*, supra, and each of the cases listed in footnotes two and four of this opinion, to the extent they misstate the rule governing the calculation

---

[4] See *Douglas v. Seidl*, 251 Ga. App. 147, 148 (553 SE2d 829) (2001) ; *Zeigler v. Hambrick*, 257 Ga. App. 356, 357 (1) (571 SE2d 418) (2002) ; *Carter v. McKnight*, 260 Ga. App. 105, 106 (2) (578 SE2d 901) (2003) ; *Carver v. Tift County Hosp. Auth.*, 268 Ga. App. 153, 154 (601 SE2d 475) (2004) ; *Dickson v. Amick*, 291 Ga. App. 557, 559 (1) (662 SE2d 333) (2008) ; *McCullers v. Harrell*, 298 Ga. App. 798, 799 (1) (681 SE2d 237) (2009) *; Jones v. Brown*, 299 Ga. App. 418, 419 (683 SE2d 76) (2009) .

of the five-day grace period embodied in OCGA § 9-11-4 (c).[5] While in many cases the calculation may, as a matter of fact, run from the date the complaint was filed (because the person making service received the summons and complaint on the same day) or run from expiration of the statute of limitation (because the complaint was filed on the last day of the limitation period and the complaint and summons was received by the person making service on the same day), to the extent these cases misstate the proper rule to be applied generally, they must be overruled.

3. Having clarified the appropriate rule to calculate the five-day grace period embodied in OCGA § 9-11-4 (c), we turn now to the case before us. The record shows that Giles filed his renewal action a week before the six-month period for renewal expired and that the Cobb County Sheriff's Office received the complaint and summons on the last day of the six-month renewal period and served it two days later.

It is well-settled that "[a] renewed lawsuit under OCGA § 9-2-61 (a) is an action de novo; therefore, the procedural requirements of filing a new complaint and perfecting service must be met anew." (Citation, punctuation and footnote omitted.)

---

[5] While we have endeavored to list all of the cases misstating the rule, any other precedent not identified in this opinion that does so should also be considered overruled to the extent the rule is misstated.

13

*Davis v. Bushnell*, 245 Ga. App. 221, 222 (537 SE2d 477) (2000). See also *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994). The five-day grace period for service of a complaint also applies to renewal actions. See generally *Cleveland v. Katz*, 311 Ga. App. 880, 883 (1) (717 SE2d 500) (2011); *Bennett v. Matt Gay Chevrolet Oldsmobile, Inc.*, 200 Ga. App. 348, 349 (1) (408 SE2d 111) (1991). And "[u]nder Georgia law, the general rule is that a plaintiff making a claim against a UM carrier must serve process upon the UM carrier within the same statute of limitation applicable to the uninsured motorist. This requirement is met where the UM carrier is timely served in the renewal action despite not having been served in the original action." (Citations and punctuation omitted.) *King v. Peoples*, Ga. App. (Case No. A14A1077, decided August 13, 2014). In this case, the renewal action was served within the time allowed by law, the five-day grace period, and the service therefore related back as a matter of law. We therefore must reverse the trial court's order dismissing Giles' renewal action.

*Judgment reversed. Phipps, C. J., Andrews, P. J., Barnes, P. J., Ellington, P. J., Doyle, P. J., Miller, Dillard, McFadden, Ray, Branch and McMillian, JJ., concur.*