**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 30, 2021**

# In the Court of Appeals of Georgia

A21A0819. UHS OF PEACHFORD v. BRADY

PIPKIN, Judge.

Appellant UHS of Peachford d/b/a Peachford Hospital appeals the denial of its motion to dismiss. We reverse.

On December 17, 2017, the 13-year-old son of Appellee Ruth Brady committed suicide. On December 17, 2019, Brady filed a wrongful death action alleging negligence by various medical professionals and institutions that treated her son in the months before his death, including Peachford Hospital; the hospital, however, was not served with the complaint until March 20, 2020. In April 2020, Peachford Hospital filed a special appearance answer and moved the trial court to dismiss or, in the alternative, for summary judgment. In its motion, Peachford Hospital argued that Brady's claims were time-barred because she had failed to act reasonably and

diligently in perfecting service, which occurred months after the expiration of the statute of limitation. Other defendants made similar motions, and while Brady responded to those motions and filed various affidavits concerning the delayed service on other defendants, she did not respond to Peachford Hospital's motion or address the delay in serving the hospital. The trial court denied Peachford Hospital's motion in a one-sentence order, despite noting Brady's failure to respond to the motion. On appeal,[1] Peachford Hospital argues that the trial court abused its discretion by denying its motion to dismiss; we agree.

"[A]ctions for injuries to the person shall be brought within two years after the right of action accrues," OCGA § 9-3-33, and actions "for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred," OCGA § 9-3-71 (a). While a complaint must be filed within the applicable limitation period, Georgia law permits a complaint to be served beyond that time, so long as "the timely filing of the pleading is followed by timely service perfected as authorized by law, the subsequent service will relate back to the initial filing even though the statute of limitation has

---

[1] We granted Peachford Hospital's application for interlocutory appeal. Brady has not filed a brief in this appeal.

2

run in the interim." (Citation and punctuation omitted.) *Griffin v. Trinidad*, 357 Ga. App. 492, 494 (1) (850 SE2d 878) (2020). As we have explained before,

> [i]f, as here, a complaint is filed near the expiration of the statute of limitation and service is made after the statute expires and after the five-day safe harbor provision contained within OCGA § 9-11-4 (c),[2] the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service. The plaintiff has the burden of showing that due diligence was exercised.

(Citation and punctuation omitted.) *McFadden v. Brigham*, 358 Ga. App. 400, 402 (855 SE2d 409) (2021).

"As the burden rests on [the plaintiff] to ensure diligent service, [she] must provide specific dates or details to show diligence and cannot rely on conclusory statements." (Citation omitted.) *Parker v. Silviano*, 284 Ga. App. 278, 280 (1) (643 SE2d 819) (2007). See also *Van Omen v. Lopresti*, 357 Ga. App. 9, 15-16 (3) (849 SE2d 758) (2020). We review the trial court's ruling on a motion to dismiss for abuse

---

[2] OCGA § 9-11-4 (c) provides, in relevant part, as follows: "When service is to be made within this state, the person making such service shall make the service within five days from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate a later service."

of discretion, and we will uphold the trial court's decision if there is any evidence to support it. *Griffin*, 357 Ga. App. at 492.

Brady was required to exercise "reasonable diligence" in serving Peachford Hospital. See *Van Omen*, 357 Ga. App. at 9 ("[A] plaintiff must exercise the greatest possible diligence to ensure proper and timely service from the time a defendant raises an issue with service in court. Until then, the plaintiff must exercise reasonable diligence to serve the defendant."). Here, however there is no evidence of any diligence that would support the trial court's decision. Brady filed her action on December 17, 2019 – the day on which the statutes of limitation expired – but she did not serve Peachford Hospital until March 20, 2020, more than three months later. While the record shows that Brady filed responsive pleadings and affidavits pertaining to the delayed service on other defendants – most of whom were served in January 2020 – she did not respond to the motion filed by Peachford Hospital; nevertheless, even taking these other pleadings and affidavits into account, there is still no evidence of diligence. While Brady's attorney averred that she struggled with illness and pandemic-related logistics in December 2019 and January 2020, the attorney's affidavits fail to account for February or March 2020. Moreover, the attorney's affidavits do not describe what efforts, if any, were undertaken to serve

4

Peachford Hospital after the complaint was filed or explain why Brady was able to serve some defendants in January 2020 but was unable to serve Peachford Hospital until March 2020. Finally, we note that Peachford Hospital's identity and address for service were no mystery to Brady; in fact, the address at which Peachford Hospital was eventually served is referenced in Brady's original complaint.

Given Brady's complete failure to account for the three-month delay between filing her complaint and serving Peachford Hospital – during which the statutes of limitation expired – the trial court abused its discretion when it denied Peachford Hospital's motion to dismiss. See *Jones v. Brown*, 299 Ga. App. 418, 418-420 (683 SE2d 76) (2009) (trial court abused its discretion by denying a motion to dismiss where complaint was served five months after the expiration of the statute of limitation and the plaintiff failed to account for the delay), overruled on other grounds by *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 319 (2), n.2 (765 SE2d 413) (2014); *Duffy v. Lyles*, 281 Ga. App. 377, 377-379 (636 SE2d 91) (2006) (trial court abused its discretion when it denied a motion to dismiss where complaint was served six months after the expiration of the statute of limitation, and plaintiff failed to produce evidence detailing her diligence), overruled on other grounds by *Giles*, 330

5

Ga. App. at 319 (2), n.2.[3] Cf. *Parker*, 284 Ga. App. at 279-280 (1) (motion to dismiss properly granted where plaintiff failed to demonstrate reasonable diligence in serving defendant eighteen days after the filing of the complaint and ten days after the expiration of the statute of limitation). Accordingly, we reverse the judgment of the trial court.

*Judgment reversed. Miller, P. J., and Hodges, J., concur.*

---

[3] Both *Jones* and *Duffy* were overruled to the extent that those cases "incorrectly stated that the plaintiff must serve the defendant within five days of the filing of the complaint rather than the receipt of the summons and complaint by the person making service." *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 319 (2), n. 2 (765 SE2d 413) (2014). The misstatement in *Jones* and *Duffy* about the "safe harbor" provision in OCGA § 9-11-4 (c) does not alter the relevance of those cases to this decision.

6