## A04A1801. NEELY v. JONES.
### (610 SE2d 133)

MIKELL, Judge.

Quinton Neely appeals from the trial court's order dismissing his personal injury action against Norman Jones based upon his failure to exercise due diligence in serving Jones after the expiration of the statute of limitation. Because we find no merit in Neely's assertion that the trial court abused its discretion by granting the motion to dismiss, we affirm.

The record shows that Neely filed suit against Jones in DeKalb County Superior Court on October 4, 2001, 13 days before the statute of limitation expired. The day before the statute of limitation expired, the sheriff's department filed a return of service stating that the address provided for Jones was not located in DeKalb County. Six days after the expiration of the statute of limitation, Neely moved for the appointment of a special process server, and the trial court granted the motion the day it was filed.

On November 19, 2001, Jones answered the complaint and raised insufficient service and the statute of limitation as defenses. On February 7, 2002, Jones filed a motion to dismiss on the grounds

that the statute of limitation had expired and that he had not been personally served. On March 5, Neely filed a response which stated that Jones was served on February 11, 2002, four days after the motion to dismiss was filed.

Over a month later, on April 17, 2002, the special process server filed an affidavit in which he averred that he had personally served Jones with a copy of the summons and complaint on February 11, 2002, in Fort Worth, Texas, and also left a copy at his residence in Fort Worth, Texas. In another affidavit filed the same day, the special process server outlined his attempts to locate Jones beginning on October 6, 2001, and continuing through February 11, 2002. This affidavit shows that, on January 11, 2002, the special process server learned from Jones' employer that he was located in Fort Worth, Texas. Although the affidavit includes the date for every other activity undertaken by the special process server, it fails to specify the date that the special process server learned Jones' specific address in Fort Worth, Texas.

On December 16, 2002, Jones filed an affidavit in which he denied that he or anyone residing with him in Fort Worth, Texas, had ever been served with a copy of the summons and complaint. The trial court granted the motion to dismiss on the dual grounds that it was meritorious and that Neely filed no response to the motion.

Neely appealed. We vacated the trial court's order because the failure to file a response does not automatically require a ruling in the moving party's favor and because we could not determine if the trial court examined the entire record before ruling on the motion. *Neely v. Jones*, 264 Ga. App. 795, 796-798 (592 SE2d 447) (2003). On remand, the trial court issued another order granting the motion stating that it had considered the entire record and had found the defendant's motion "well taken." The trial court made no reference to Neely's failure to file a response in the second order.

1. Personal injury actions must be brought within two years after the right of action accrues. OCGA § 9-3-33.

> Where an action is filed within the applicable limitation period but is not served upon the defendant within five days thereafter or within the limitation period, the plaintiff must establish that he acted in a reasonable and diligent manner in attempting to insure that proper service was effected as quickly as possible; and if he is guilty of laches in this regard, service will not relate back to the time of filing of the complaint for the purpose of tolling the statute of limitation. The plaintiff has the burden of showing that due diligence was exercised. Ordinarily, the determination of whether the plaintiff was guilty of laches in failing to exercise due

diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.

(Citations and punctuation omitted.) *Starr v. Wimbush*, 201 Ga. App. 280, 281 (2) (410 SE2d 776) (1991). "We must remember that when measuring diligence with respect to service of process, it is in the context of notifying a defendant of suit beyond the time the law ordinarily allows for the bringing of such a suit. It is the plaintiff's grace period." *Wade v. Whalen*, 232 Ga. App. 765, 766 (1) (504 SE2d 456) (1998) (physical precedent only). Moreover, once Jones raised the issue of defective service in his answer on November 19, 2001, Neely was required to exercise the "greatest possible diligence" in serving him. (Punctuation and footnote omitted.) *Davis v. Bushnell*, 245 Ga. App. 221, 222 (537 SE2d 477) (2000).

The trial court was authorized to conclude from the evidence before it that Neely failed to exercise the "greatest possible diligence" because he provided no explanation for the month-long delay in serving Jones after learning on January 11, 2002, that Jones worked and resided in Fort Worth, Texas.[1] See *Walker v. Bord*, 225 Ga. App. 242, 243 (483 SE2d 675) (1997) (unexplained 43-day delay in serving defendant showed lack of due diligence). As Neely failed to meet his burden of proving he exercised the greatest possible diligence, we find no abuse of discretion by the trial court.

2. We find no merit in Neely's contention that we must reverse the trial court because it failed to make explicit findings with regard to his lack of due diligence. There is no requirement for such findings on the record and "this court will not presume the trial court committed error where that fact does not affirmatively appear." (Citation and punctuation omitted.) *Whiteley v. State*, 188 Ga. App. 129, 130-131 (1) (372 SE2d 296) (1988). The motion to dismiss before the trial court was premised solely upon Neely's lack of due diligence in serving Jones and there is no indication from the trial court's order that it failed to consider the only issue before it when it granted the motion. This fact distinguishes this case from the one relied upon by Neely. See *Childs v. Catlin*, 134 Ga. App. 778, 781-782 (216 SE2d 360) (1975) (trial court's detailed order affirmatively showed that it failed to consider issue of due diligence).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

---

[1] This conclusion makes it unnecessary for us to resolve the conflict in our cases with regard to whether the "greatest possible diligence" standard applies when the sheriff returns the summons after failed attempts, *Wade*, supra, or only after the defendant has filed an answer raising a service defense, *Davis*, supra.

DECIDED FEBRUARY 3, 2005.

*Waymon Sims*, for appellant.

*FitzGerald & Schultz, John K. FitzGerald, Harper, Waldon & Craig, John B. Craig*, for appellee.