**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

November 3, 2022

# In the Court of Appeals of Georgia

A22A1361.   RODRIGUEZ   v.   STATE   FARM   MUTUAL AUTOMOBILE INSURANCE COMPANY.

PER CURIAM.

Moises Rodriguez sued Tiara Stinson for injuries he allegedly sustained in a motor vehicle collision. Pursuant to OCGA § 33-7-11 (d), Rodriguez served a copy of the complaint upon his purported uninsured motorist carrier, State Farm Mutual Automobile Insurance Company, which filed an answer, asserting insufficient service of process on Stinson, and later moved to dismiss the complaint on the ground that Stinson had not yet been served. The trial court granted the motion to dismiss, and Rodriguez appeals. Because the record supports the trial court's conclusion that Rodriguez did not exercise the greatest possible diligence in perfecting service on

Stinson after the statute of limitation expired, the trial court did not abuse its discretion, and we affirm.

The motor vehicle collision that formed the basis of the complaint happened August 9, 2019. Rodriguez filed his complaint on July 2, 2021. After filing the complaint, Rodriguez coordinated with a private process server to serve Stinson. The process server was not immediately able to do so. On August 9, 2021, State Farm, asserting its right under OCGA § 33-7-11 to answer in the name of Stinson, filed an answer in which it asserted the defense of insufficient service of process as to Stinson.[1] In mid-August, 2021, when the process server was unable to locate Stinson at two different addresses, Rodriguez employed a private investigations company to

---

[1] Georgia's Uninsured Motorist Statute, OCGA § 33-7-11 (d), provides in pertinent part,

> In cases where the owner or operator of any vehicle causing injury or damages is known, and either or both are named as defendants in any action for such injury or damages, and a reasonable belief exists that the vehicle is an uninsured motor vehicle under . . . this Code section, a copy of the action . . . shall be served . . . [on] the insurance company issuing the policy as though the insurance company were actually named as a party defendant. . . . [T]he insurance company issuing the policy shall have the right to file pleadings and take other action allowable by law in the name of either the known owner or operator or both or itself.

2

locate Stinson. Stinson confirmed with the investigator, via telephone, that she resided at a particular address in Rex, Georgia. The process server then made numerous unsuccessful attempts at the address provided by Stinson during late August and September and informed Rodriguez's counsel in late September that a hostile resident of the address had threatened the process server during one of the attempts.

In October 2021, the process server attempted to schedule an appointment with Stinson, who had a mobile hairstyling service. Stinson neither answered nor returned the process server's calls, so the process server again attempted service at Stinson's residence, making several more attempts between October 31 and November 28, 2021. During these attempts, on occasion, the process server observed vehicles at the residence that the process server previously had identified as belonging to Stinson.

On December 9, 2021, the statute of limitation expired.[2] On January 4, 2022, counsel for Rodriguez instructed the process server's employer to continue attempting service. On January 21, 2022, State Farm filed a motion to dismiss, arguing that Rodriguez had not exercised the greatest possible diligence to serve Stinson after the statute of limitation expired.[3] On January 27, 2022, Rodriguez's counsel was informed that the process server had been "out for a while" due to COVID-19, but "is ok and back today." The process server made additional unsuccessful attempts at service during the months of January and February. On February 4, 2022, Rodriguez filed a motion for service by publication, and on February 22, 2022, he filed a brief in opposition to State Farm's motion to dismiss, arguing that he had used the greatest

---

[2] See OCGA § 9-3-33 ("[A]ctions for injuries to the person shall be brought within two years after the right of action accrues . . ."). Under the emergency orders issued by the Chief Justice of the Georgia Supreme Court in response to the COVID-19 pandemic, "[t]he 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation." See Third Order Extending Declaration of Statewide Judicial Emergency at (II) (A) (10), June 12, 2020. Thus, the statute of limitation here expired on December 9, 2021.

[3] An uninsured motorist carrier may move to dismiss an action based on a failure to serve the defendant. See *Brown v. State Farm Mut. Automobile Ins. Co.*, 242 Ga. App. 313, 315 (2) (529 SE2d 439) (2000) ("[An uninsured motorist] carrier is allowed to assert any defense that would be available to the defendant.").

possible diligence in effecting service. On March 3, 2022, a different process server succeeded in personally serving Stinson at her residence.

The trial court granted the motion to dismiss. The court determined that the record showed that no attempts at service were made between November 29, 2021, and January 6, 2022, 28 days of which were after the statute of limitation expired; therefore, Rodriguez had not met his burden of showing that he exercised "the greatest possible diligence during the relevant time period."[4] This appeal follows.

Georgia law provides that when an action is filed before the applicable statute of limitation expires but is not served upon the defendant within the limitation period or within five days thereafter, "the plaintiff must establish that he acted in a reasonable and diligent manner in attempting to insure that proper service was effected as quickly as possible; and if [the plaintiff] is guilty of laches in this regard, service will not relate back to the time of filing of the complaint for the purpose of tolling the statute of limitation." *Neely v. Jones*, 271 Ga. App. 487, 488 (1) (610 SE2d 133) (2005) (citation and punctuation omitted), overruled in part on other grounds by *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 320-321 (2) & n. 2 (765 SE2d

---

[4] The court also denied the motion for service by publication as moot, as Stinson had already been personally served.

413) (2014). Moreover, if the defendant has raised a service defense in court and the statute of limitation has expired, the plaintiff bears an even higher duty of the "greatest possible diligence" to ensure proper and timely service. *Van Omen v. Lopresti*, 357 Ga. App. 9, 13-14 (2) (849 SE2d 758) (2020) (punctuation omitted). The burden of proving that the requisite degree of diligence was exercised rests with the plaintiff, and the determination of whether the plaintiff was guilty of laches in failing to exercise the necessary diligence falls within the sound discretion of the trial court. *Neely*, 271 Ga. App. at 488-489 (1). We will not disturb a trial court's finding in that regard absent an abuse of that discretion. Id.

Rodriguez argues that the trial court abused its discretion when it (a) found that he had not exercised the greatest possible diligence to obtain service on Stinson after the statute of limitation expired and (b) granted State Farm's motion to dismiss. He contends that the court should have focused on the totality of the facts, rather than only on the gap in his attempts at service "when the process server had COVID-19 during the month of December 2021." He also argues that the threat of bodily harm to a process server at the home of a defendant, when the defendant has confirmed her residence there, should satisfy the standard of "greatest possible diligence." Finally, he contends that this Court should reverse the trial court's grant of the motion to

dismiss because Stinson has suffered no prejudice from the late service, as State Farm has asserted its right to defend the case on her behalf.

Rodriguez failed to serve Stinson before the applicable statute of limitation expired on December 9, 2021. Once the statue of limitation expired and State Farm asserted a defense of service in its answer, Rodriguez was required to act with the "greatest possible diligence" to ensure proper and timely service. See *Fluellen v. Davis*, 362 Ga. App. 512, 514-516 (869 SE2d 169) (2022); *Van Omen*, 357 Ga. App. at 13-14 (2). However, as noted by the trial court, there were no attempts at service between November 29, 2021 (ten days before the statute of limitation expired), and January 6, 2022 (twenty-eight days after the limitation period expired).

Rodriguez contends that he exceeded the standards outlined by this Court in *Van Omen*. However, in *Van Omen*, though there were no attempts at service for 87 days following the expiration of the limitation period, this Court noted that unexplained lapses for shorter periods of time also may indicate a failure to pursue service in a reasonably diligent manner. 357 Ga. App. at 16 (3). Moreover, we concluded in another decision that the trial court did not abuse its discretion in ruling that the plaintiffs had not met their burden of showing that they acted diligently in obtaining service and that dismissal of the action was authorized when the plaintiffs

served their complaint on the defendant eighteen days after the complaint was filed, and ten days after the statute of limitation had run, and presented insufficient evidence about their service efforts. *Parker v. Silviano*, 284 Ga. App. 278, 279-280 (1) (643 SE2d 819) (2007).

Rodriguez argues that his case is similar to *Feinour v. Ricker Co.*, in which this Court determined that a plaintiff had exercised the greatest possible diligence in attempting to locate and serve the defendant. 269 Ga. App. 508, 511 (604 SE2d 588) (2004), overruled in part on other grounds by *Giles*, 330 Ga. App. at 320-321 (2) & n. 2. Indeed, there are similarities between the two cases, including numerous attempts over a period of months to serve the defendants at their suspected residences, evidence that vehicles were present at the residences, the use of investigators to locate the defendants, and ultimate success in serving the defendants at their residences after the statutes of limitation expired. Id. at 509-511. However, *Feinour* is distinguishable from this case because the plaintiff's counsel in *Feinour* continued to follow up with the process server to ensure diligent service, and the efforts to serve the defendant were continuous. Id. This Court explained in *Feinour* that there was much "tracking and waiting" on the part of the process server after the statute of limitation expired,

and the process server, over a period of weeks, returned to the residence and waited in his car hoping to locate and serve the defendant. Id. at 510-511.

By contrast, here, there was a 28-day gap following the expiration of the limitation period, during which Rodriguez did not pursue service on Stinson in any form. And, Rodriguez admits it was not until January 27, 2022, that he learned that his process server had been "out" due to COVID-19. Critically, the record shows that, during the 28 days after the limitation period expired, Rodriguez did not seek to have another process server appointed to attempt service, ask his process server about the status of service, or seek to have Stinson served by publication — a remedy that he later sought only after State Farm filed its motion to dismiss.

As to Rodriguez's assertion that the threat of bodily harm to a process server at the home of a defendant should satisfy the standard of "greatest possible diligence," he offers no authority to support this contention. The affidavit of service for the day in question states that the individual at the residence was "very hostile" and "threaten[ed] [the process server]," but the affidavit does not specify the threat. Moreover, the record shows that the process server made multiple subsequent attempts to serve Stinson at the same address, with no indication that he was threatened again. Rodriguez also did not seek to have Stinson served by publication

9

until after State Farm filed its motion to dismiss, approximately five months after the alleged threat.

Finally, Rodriguez's contention that the trial court's dismissal of the case should be reversed simply because State Farm represented Stinson's interests in the case and Stinson therefore has suffered no prejudice from the late service has been waived. Our review of the record demonstrates that Rodriguez did not raise this argument below, and

> it is well settled that issues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken. Nor may a plaintiff alter the course of [his] arguments mid-stream, raising issues on appeal that were not raised before the trial court.

*Hillcrest Foods, Inc. v. Mikeals*, 359 Ga. App. 529, 532 (859 SE2d 510) (2021) (citation and punctuation omitted). Rodriguez did not raise this issue below; consequently, he did not preserve this claim for review on appeal. See *In the Interest of T. R.*, 358 Ga. App. 369, 378 (4) (855 SE2d 389) (2021).

Under the facts presented, the trial court appropriately exercised its discretion in concluding that Rodriguez did not act with the "greatest possible diligence" in perfecting service on Stinson during the relevant time period. See, e.g., *Moody v.*

*Gilliam*, 281 Ga. App. 819, 820 (637 SE2d 759) (2006) (affirming court's conclusion that plaintiff had not exercised the greatest possible diligence when, more than seven weeks after she became aware that there was a problem with service, and after the statute of limitation expired, defendant still had not been served). We therefore affirm the trial court's dismissal of the action. See *Fluellen*, 362 Ga. App. at 516; *Van Omen*, 357 Ga. App. at 16 (3).

*Judgment affirmed. Division Per Curiam. All Judges concur.*